HICKS and others *vs.* MINTURN.

> Where an auctioneer in making an entry of a sale in his sale-book omitted to
> comply with the requirements of the statute regulating sales at public auc-
> tion, in consequence of which the sale could not be enforced and the owner
> of the property suffered a loss on a re-sale, it was held, that the auctioneer
> being answerable only for gross negligence or ignorance, was not liable in
> damages ; the act having been recently passed, being of doubtful construc-
> tion. and not having received a judicial interpretation.

ERROR from the superior court of the city of New-York.
This was an action against Minturn for negligence as an *auc-
tioneer* in omitting to make an entry in his sale-book *con-
formable to the requirements of the statute* regulating sales at
public auction, 2 R. S. 136, § 4, he having in December,
1830, sold a brig belonging to the plaintiffs. The vessel
was sold to one S. Whitmore for the sum of $3150, who
neglecting to comply with the terms of the sale, the vessel
was re-sold at a loss of $600. The owners brought an ac-
tion against Whitmore and were *nonsuited* for the want of
an entry of the sale in conformity to the statute, which non-
suit was *confirmed* by this court on a motion for a new trial.
See 12 Wendell, 548. The plaintiffs thereupon brought
this suit against the auctioneer, claiming to recover the *dif-
ference* between the first and second sales, and the costs in-
curred in the suit against Whitmore. The negligence im-
puted to the defendant consisted in his not making an entry
of the sale in his sale book at the *time* and *place* of sale.
The brig was sold at the Exchange in the city of New-
York at *two* o'clock P. M. and the entry was made at the
auctioneer's office in the same street in which the Exchange
was situated before three o'clock of the same day ; at the
place of sale the auctioneer made a minute in pencil of the
*sums bid* and the *name of the highest bidder*. This was
held insufficient in the suit against Whitmore. Upon these
facts the court charged the jury that as no *actual negligence*
was claimed by the plaintiffs to have existed in the defend-
ant's mode of conducting the sale, the evidence given on the
part of the plaintiffs was not sufficient to entitle them to re-

cover. The jury found for the defendant. The plaintiffs having excepted to the charge of the court, sued out a writ of error.

*R. J. Dillon,* for the plaintiffs in error insisted, that the plaintiffs were entitled to recover. A general agent is bound to exercise ordinary care and skill; but an agent of a particular calling or profession, as a surgeon, an attorney, an auctioneer, a farrier, is bound to exercise all the skill and knowledge which his undertaking demands. The undertaking alone is the measure of the skill required; it is of no consequence whether it be ordinary or extraordinary—it must be such as will accomplish the undertaking. *Spondet peritiam artis.* 3 Black. Comm. 165. 1 Livermore on Agency, 338, 339. Paley, 5, 7. Bull. N. P. 73. And so are the cases as of the liability of a surgeon, *Slater* v. *Baker,* 2 Wils. 359; of a farrier, *Thornton* v. *Deas,* 4 Johns. R. 94; of a notary, *Smedes* v. *Utica Bank,* 20 Johns. R. 378; *Allen* v. *Merchants' Bank,* 15 Wendell, 486. It is no defence to say, that the default or misfeasance arose from a want of judgment, *Russell* v. *Palmer,* 2 Wils. 325, nor from an ignorance of the law. *Park* v. *Hammond,* 4 Campb. N. P. C. 344. He further insisted that an agent, who had an express decision or statute in relation to his duties, was like an agent, having instructions from his principal, who is liable even for a mistake of his instructions. *Rundle* v. *Moore,* 3 Johns. Ch. 36. The failure of the defendant arose, not from the ambiguity of a statute, nor from misapprehension of a doubtful point of law, but either from ignorance of the law or from neglecting the plain, clear and unequivocal directions of the statute, which fully prove gross negligence and want of skill.

*D. Lord, jun.* for the defendant in error, contended that the undertaking of an auctioneer implied from his retainer to sell property for another, is for reasonable care, skill and knowledge, and is not broken except by *actual negligence.* It was not claimed in the court below, that a mistake in the first construction of a new statute was actual negligence or even evidence from which a jury could infer negligence.

Indeed, it was conceded that there was no actual negligence, and the cause was so put to the jury. Nor is the defendant charged with want of good faith. All that can be alleged against him is that he made a mistake in the construction of a statute recently passed. In 3 Campb. 17, it was held that an *attorney*, who, in business relating to his profession, undertakes for *legal knowledge*, was not liable although he had failed in the transaction of the business entrusted to him to comply with the requirements of a public statute ; Lord Ellenborough saying that he was answerable only for gross negligence.

*Mr. Dillon*, in reply. The concession, if the silence of the plaintiffs at the circuit be so considered, that *no actual negligence* was claimed by them, does not affect their rights. They did not pretend that the defendant had wholly omitted to make an entry ; their complaint was that the entry made was not such as the law requires. The case in Campbell is acknowledged to be law, but it is widely different from the one under consideration. The error there arose under the *annuity act*, the language of which is greatly confused and of such doubtful import as to be settled only by judicial decisions ; here the statute relative to auction sales is plain, obvious and unambiguous, exciting no doubts and needing no judicial interpretation.

*By the Court*, NELSON, Ch. J. The first sale was made 18th December, 1830. The statute, 2 R. S. 136, § 4, which took effect on the first day of January preceding the sale, provides that " whenever goods shall be sold at public auction, and the auctioneer shall, *at the time of sale*, enter in a sale book, a memorandum, specifying the nature and price of the property sold, the terms of the sale, the name of the purchasers, and the name of the person on whose account the sale was made, such memorandum shall be deemed a note of the contract of sale within the meaning of the last section." That section makes void every contract for the sale of goods unless certain terms therein prescribed are complied with. In this case the defendant, *at the time of*

*the sale,* made only a note of the sums bid, and of the name of the highest bidder, but in about an hour afterwards, when he returned to his counting room, he made an entry in his sale book in conformity with the act. This was determined, in respect to this very sale, not to be a sufficient compliance; and accordingly, the purchaser was held not to be bound. 12 Wendell, 548. The plaintiffs now seek to make the auctioneer responsible to them for the loss on the sale. No question was made on the trial in respect to the want of proper care or skill, and the case seems to have been placed by the plaintiffs' counsel upon the ground, that the omission to conduct the sale so as to make it binding upon the purchaser, constituted *per se* a breach of the undertaking as auctioneer. No specific undertaking is pretended. The plaintiffs therefore must rely upon the *implied contract* arising out of the employment of the defendant in his professional character; and it is quite clear that this cannot extend beyond the duties imposed by reason of such employment. Like other professional men or agents, auctioneers assume upon themselves an obligation to their employers to perform the service confided to them with ordinary care and skill, and become responsible in default of either; in other words, they are responsible for loss arising from gross negligence or ignorance. Beyond this their duties or liabilities do not extend. This principle was asserted and applied in *Derew* v. *Davesill,* 3 Campb. 452. There the plaintiff, an auctioneer, sought to recover compensation for his services in the sale of a leasehold estate. The defendant set up by way of defence, that he had conducted the sale so negligently that the purchaser was not bound, and succeeded. Lord Ellenborough observed, in delivering his opinion, " I pay an auctioneer as I do any other professional man for the exercise of skill on my behalf, which I do not possess; and I have the right to the exercise of such skill as is ordinarily possessed by men of that profession or business." See also Sugden on Vendors, 41. Ross on Vendors, 310.

UTICA,
July, 1838.

Hicks
v.
Minturn.

Putting the liability upon this footing, the judgment of the court below is correct, because it cannot be maintained that the omission to comply with the terms of the statute afforded conclusive evidence of gross negligence or ignorance, and for which a verdict should have been directed for the plaintiffs. The act had never been under the observation of the court, and its meaning in respect to the point wherein the defendant erred, presented a case for construction, about which the legal profession might well differ, and where, of course, it would be most unjust to hold, that a layman must decide correctly at his peril. 4 Burr. 2060, 63. 3 Campb. 17. 58 Mass. R. 7.

Judgment affirmed.