## FROST v. PRYOR.

1. Where the declaration is defective in the omission of an averment with-
out proving which the jury ought not to have found a verdict for the
plaintiff, such defect is cured by verdict, and therefore cannot be taken
advantage of by motion in arrest of judgment.

2. The plaintiff, as a condition precedent, agreed to make to defendants a
good title to certain premises. One of the deeds in the plaintiff's chain
of title, was a conveyance of the premises in question by H. and his
wife, acknowledged before a *justice of the peace*. H. had no interest in
the premises except in right of his wife. Held, that the deed thus ac-
knowledged was incompetent to affect the right of the wife, and con-
veyed no title to the premises.

Appeal from the Clay Circuit Court.

REES & WILSON for Appellants.

DONIPHAN & WOOD for Appellees.

*Opinion of the Court, delivered by Napton, Judge.*

The appellee brought an action of assumpsit against the
appellant, in the Clay circuit court, on the following note:

"We, or either of us, promise to pay to George M. Pryor,
the just and full sum of one thousand eight hundred and six
dollars and twenty-five cents, bearing ten per cent. interest
from the date until paid, and to be paid within one month

from the time the said Pryor shall perfect his title to the ta-
vern lots and property attached thereto.   Given under our
hands this 29th day of April, A. D. 1840.

P. S. FROST,

J. P. FROST,

ISAAC FROST."

On the trial of the cause, the plaintiff below, to show title, offered in evidence several conveyancs, to all of which conveyances defendant objected generally, but the objections were overruled by the court.   Among other deeds offered and read in evidence, were a patent from the United States to one John Owens, deeds from Owens and wife to one Searcy, deeds from Searcy and wife to one Poter Fleming, deeds from Poter Fleming and wife to John Chauncy, a power of attorney from said Chauncy to G. L. Hughes, and a deed from Hughes to the legatees of G. W. Hendly.   The plaintiff also offered a deed from Peter B. Grant and wife (the latter being one of the legatees of said Hendly,) acknowledged before a justice of the peace, and deeds from the other legatees to Pryor, and from Pryor to Frost.

Some oral testimony was introduced, though objected to, for the purpose of identifying the lots described in Chauncey's power of attorney.   Several witnesses testified in relation to conversations had with Frost, conducing to show that Frost was advised of the nature of the title, had examined the same, and objected only to the power of attorney.

A verdict was found for the plaintiffs, and judgment given accordingly.   Motions were made in arrest of judgment and for a new trial, but the motions were overruled.

The errors assigned are, that the declaration was defective, containing no averment that Pryor had given notice to Frost of his title when perfected, that the court admitted incompetent testimony, and that a new trial was improperly refused.

The declaration is clearly defective; but as the defect consisted of an omission of an averment, without proving which the jury ought not to have found a verdict, it cannot be taken advantage of by motion in arrest.   The title papers are spread upon the record by bill of exceptions.   It seems that

The plaintiff, as a condition precedent, agreed to make to defendants, a good title to certain premises. One of the deeds, in the plaintiff's chain of title, was a conveyance of the premises in question by H. and his wife, acknowledged before a *justice of the peace.* H. had no interest in the premises except in right of his wife. Held, that the deed thus acknowledged, was incompetent to affect the right of the wife, and conveyed no title to the premises.

the objections made to each of these papers, were general; no specific objection was pointed out to the court below, nor do the grounds of objection taken in the circuit court appear on the bill of exceptions. It is apparent that these general and sweeping objections to the introduction of a mass of testimony, either oral or written, do not present the points which may have been determined in the circuit court, and it may become a question whether this court will be authorised to look into such exceptions, whilst our statutes declare that this court shall review only such matters as have been expressly decided by the court below. In this case, however, the deed from Grant and wife to Pryor was a link in the chain of title, which was clearly defective. The deed was acknowledged before a justice of the peace, and purporting to convey an interest in land to which the husband had no claim except by right of his wife, was incompetent to affect the rights of the wife. It appears plain, then, from the bill of exceptions, without going into an examination of its details, that no title was shown in Pryor, even at the trial, much less then could it be presumed that the title was perfected before the institution of the suit ; a condition precedent to the plaintiff's right of recovery. Let the judgment therefore be reversed and the cause remanded.

———

As all the evidence given on the trial of this cause is preserved in the bill of exceptions, and as it appears from that evidence that no notice was given of the perfecting of the title, and as indeed the party appears to have been unable to give the notice, for his title had not been perfected, it cannot be presumed that notice was proved on the trial. This case is unlike those in which an appellate court is required to arrest the judgment from an examination of the declaration alone, unaccompanied by a bill of exceptions preserving the evidence.