## FIELDS *vs.* HUNTER.

1. Where a declaration is founded upon an instrument of writing charged to have been executed by the other party, and the execution thereof is not denied by plea *verified by affidavit,* it may be read in evidence without proof of its execution.—R. S. 1835, title, "Practice at Law," art. 4, sec. 18, p. 463.

2. Where a declaration in covenant averred that the covenant was made at the county of Ray, and the covenant offered in evidence was dated at the county of Platte, the variance was held fatal.

3. Where an objection was made to the introduction of evidence, the bill of exceptions should state the specific grounds upon which the objection was made; for unless the party points out specific objections in the Circuit Court, and the bill of exceptions shows what those objections were, the case may be decided on one point by the Circuit Court, and reversed on another by the Supreme Court.—R. S. 1835, title, "Practice in the Supreme Court," sec. 31, p. 522.

4. In an action on a covenant to warrant and defend unto the plaintiff a certain tract of land sold to him by defendant, the former offered in evidence a transcript of the proceedings in an action of forcible entry and detainer, brought before a justice of the peace by plaintiff against one F., in which F. got a judgment for one-half of the land.   Defendant was no party to this suit, and had no notice of the proceeding.

*Held:* That the record of the judgment before the justice was evidence of an eviction, but could not establish that such eviction was by title paramount.

Fields vs. Hunter.

APPEAL from the Ray Circuit Court.

DUNN, WILSON, and REES, for Appellant.

1. The court erred in sustaining the demurrer to the third plea; time, by way of description of record, is not material.—Martin vs. Miller, 3 Mo. Rep., 135; Brooks vs. Remis, 8 Johns. Rep., 455.

2. The court erred in permitting to be read the covenant sued on, without proof of its execution; the covenant is but the inducement to the action, and matter of fact (i. e., sanction by paramount title,) the foundation.—See 1 Chitty's Plead., 517; 2 Starkie's Ev., 247; and also, for variance between the covenant sued on, and the covenant introduced as evidence, 1 Chitty, 240; 1 Cow. Rep., 177; 13 J. Rep., 450.

3. The court erred in permitting to be read as evidence the transcript of Justice Brook, and also in refusing the second and tenth instructions asked by the defendant, all of which involve the same principle. The plaintiff must aver and prove that he was evicted by a lawful title existing at the time of the covenant. —See 2 Starkie's Ev., 248; 7 Wend. Rep., 281; 5 J. Rep., 120.

4. The court erred in giving the plaintiff's instructions, and in refusing to give the defendant's third, fourth, eighth, and ninth instructions, which errors are embraced by the same principle. The defendant was not affected in any manner in this suit, by the trial before the justice, having no notice of such proceeding, nor did such trial preclude him from showing, on this trial, that his title, at the time of making the covenant, was better than Foster's, by whom, it is alleged, the plaintiff was ousted. But, on the contrary, the plaintiff, by failing to notify the defendant of the proceeding before the justice, took upon himself the onus of showing upon this trial that Foster's title was lawful, and paramount to that of the defendant, existing at the time of the making of the covenant.— See 15 Wend. Rep., 425.

5. The court erred in refusing the defendant's fifth instruction.— See Greenby vs.Wilcox, 2 J. Rep., 1; Foliad vs.Wallace, Ibid., 395; Kent vs.Welch, 7 J. Rep., 258, Ibid., 376; Vanderkan vs.Vanderkan, 11 J. Rep., 122; 7 Wend. Rep., 281, and 2 Sugden's Vendors, 94.

DONIPHAN and WOOD, for Appellee.

1. That the third plea of appellant was bad, and the demurrer properly sustained.

2. That the Circuit Court properly admitted the covenant sued on, without proof of its execution, being the foundation of the action, and profert being made.

3. That the judgment against the appellee, on the action by forcible entry and detainer, amounts to a disturbance of the possession, and an eviction in law, under the circumstances of this case, and the transcript was properly admitted as evidence.

4. That if it be competent, under the first breach assigned, for the appellee to prove his efforts to get the possession of the claim of land sold him by appellant, and he failed, the transcript was competent evidence to show that fact.

6. That the court did not err in refusing to permit appellant to prove what other lands Foster claimed or possessed, except the land interfering with the claim sold to the appellee.

7. That notice from appellee to appellant, of the pendency of the proceeding by forcible entry, was not necessary to enable the appellant to recover, under the circumstances of this cause.

8. That the first and sixth instructions prayed for by appellant, were all that the court could give on the evidence, and the others were properly refused.

9. That, independent of the transcript of Justice Brook, there was, on the trial, sufficient evidence to prove the possession of Foster of the *eighty* in dispute, and, from all the circumstances of the case, the verdict of the jury was right, and this Court will not therefore reverse.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action of covenant, brought by Hunter against Fields, in the Circuit Court of Ray county.

The declaration charged, that whereas heretofore, to wit, on, &c., at the county of Ray aforesaid, the defendant had, by a certain instrument of writing, sealed, &c., bargained and sold to the plaintiff the land on which he then lived, containing one hundred and sixty acres, for the sum of three hundred dollars, and had covenanted to warrant and defend unto the plaintiff the above-named land; said defendant did not and could not warrant and defend said tract of land, but on the contrary, at the time of making said writing, had no title, interest, or claim whatever to the land.

It was farther averred, that one Foster, who, at the time of making said covenant, and ever since, had a good and valid title to the possession of said tract, had entered into the possession of the same, and ejected the said plaintiff by due process of law.

The defendant pleaded *non est factum*, without affidavit, covenants performed, and former recovery. To this plea, a demurrer was filed, but the record does not show any disposition of the demurrer. The parties went to trial on the two first pleas, upon which issue had been taken, and a verdict and judgment was rendered for plaintiff. Motions were made in arrest of judgment and for a new trial, but the motions were overruled.

It appears, from the bill of exceptions, that the plaintiffs offered, in evidence, a covenant, which was dated Platte county, to the reading of which the defendant objected, but the same was admitted in evidence, without proof of its execution. The plaintiff also gave in evidence a transcript of the proceedings, in an action of forcible entry and detainer, brought before a justice of the peace by plaintiff, against Andrew Foster, in which suit Foster got a judgment for one-half the land purchased by plaintiff from Fields. Parol evidence was introduced to identify the

land; it was also in evidence, that Fields had no notice of this proceeding before the justice; that Foster, at the time of the sale from Fields to Hunter, claimed the piece which he ultimately recovered; that a part of his improvement was on it, but that his house was on an adjoining tract. He was proved to have been an older settler than Fields; and after the purchase of Hunter, he moved his house on the tract sold by Fields to Hunter.

On this state of facts, a variety of instructions were asked for on both sides, some of which were given, and some refused. The instruction given by the court, at the instance of Hunter, embraces every thing material to be noticed here. That instruction was, that "if the jury believe, from the evidence, that any part of the claim of land sold by defendant to the plaintiff, as set out in the covenant between the parties, was in controversy in the action of forcible entry and detainer in proof, in which the plaintiff was the plaintiff and Andrew Foster was defendant, and that in that action such part of the said land so sold was adjudged to be Foster's, then they must find for the plaintiff damages to the extent of the claim of land so recovered in said action of forcible entry and detainer by said Foster."

The record presents but three points for the consideration of this Court: *First*, the proof of the covenant; *second*, the variance between the declaration and the instrument offered in proof; and, *third*, the instructions of the court.

The question raised and argued by the counsel in relation to the action of the court in the demurrer to the third plea, is not presented by the record.

1. It is provided by the statute of this state, that when a declaration is founded upon any instrument of writing charged to have been executed by the other party, and not alleged therein to be lost or destroyed, such instrument shall be received in evidence, unless the party charged to have executed the same deny the execution thereof by plea, verified by affidavit. The plea of *non est factum* in this case was not verified by affidavit, and the Circuit Court committed no error in admitting the covenant in evidence without proof of its execution.

2. The covenant offered in evidence was dated at the *county of Platte*, whereas the declaration averred it to have been made at the *county of Ray*. In the case of Fatrigas *vs.* Mostyn, (Cowp., 176,) Lord Mansfield said, "If a declaration state a specialty to have been made at Westminster, in Middlesex, and on producing the deed it bears date in Bengal, the action is gone, because it is such a variance between the deed and the declaration as makes it appear to be a different instrument." So, in Alder *vs.* Griner, the court intimated that they felt themselves bound by the authority of the case of Fatrigas *vs.* Mostyn, where the venue was in the body of the declaration.—13 Johns. Rep., 450. There was, therefore, a variance between the instrument offered in evidence and the one declared on, and the Circuit Court should have excluded it. But whether the objection be available to the party here is more questionable. It does not appear, from the bill of exceptions, that any objections to the instrument, on any specific ground, were made in the Circuit Court, and this Court has heretofore intimated its views of the spirit of the rule prescribed by the Legislature, that only such points shall be reviewed here as were decided on by the court below. It is manifest, that unless

the party points out specific objections in the Circuit Court, and the bill of excep-
tions shows what these objections were, the case may be decided on one point
by the Circuit Court, and reversed by another by the Appellate Court.—Dickey
and Others *vs.* Malachi, 6 Mo. Rep., 186; Frost *vs.* Pryor, 7 Mo. Rep., 316;
Watson's Executor *vs.* McLaren, 19 Wend., 550.

3. The record of the judgment in the action of forcible entry and detainer,
before the justice, was evidence of an eviction, but could not establish that such
eviction was by title paramount.   The defendant was no party to that record, and
had no notice of the proceedings.—Booker *vs.* Bell, 3 Bibb, 175; Prewitt *vs.*
Kenton, *Ibid.*, 280; Somerville's Executors *vs.* Hamilton, 4 Wheat. Rep., 230;
Stevens *vs.* Jack., 3 Yerger's Rep., 403.

, The court erred, therefore, in the instruction given at the instance of the plain-
tiff, and for this reason its judgment must be reversed, and the cause will be
remanded.