JACOB BAUER, Appellant, *vs.* FRANKLIN COUNTY, Respondent.

1. *Practice, civil—Evidence—Objections—No reason stated—Effect of.*—Where no specific reasons are given at the time, showing why evidence is inadmissible, the objections will not be considered by this court.

2. *County warrants—County court cannot discount.*—A County court has no power to discount its warrants in payment of a county debt. Chapter 52 of the Statutes of 1865 concerning public roads (Gen. Stat. 1865, p. 290,) gives no such power. The statute invests the county court with the authority, when the county is a party, to audit, adjust and settle all accounts, and to order the payment out of the county treasury of any sum of money found due by the county; and the only means they can resort to upon such adjustment, is to order the clerk to issue a warrant; when this is done, their power is extinct, and they have no right to give an additional sum to raise the warrants to a cash standard.

### Appeal from Franklin County Circuit Court.

*Henry Flanagan with James Halligan,* for Appellant.

It is submitted that in issuing warrants to the plaintiff to make up his loss, the county court did not abuse its discretion. The contract was not to be discharged in warrants, but in cash, and as the treasurer was entirely unable to meet the demands of the county court, it was competent for that body to raise money in the manner they did, under the power conferred by chapter 52, Gen. Stat. of 1865, and the Act of March 21st, 1868, (Sess., Acts 1868, page 42.) The exercise of discretionary power by county courts, may be unwise and extravagant, yet the circuit court cannot control them. (Hooper vs. Ely, 46 Mo., 505.) Under the Act of 1868, it was competent for the county court to sell the warrants at a discount. That act did not limit the court to the par value of their warrants or bonds. (Meyers vs. The City of Muscatine, 1 Wallace, 385.) The act (1868) has been passed upon by this court in the case of Steines vs. Franklin Co., 48 Mo., 167.

If the county court had the power to borrow money, it had the power to discount its warrants as a means of raising money, as a necessary, implied power, for "what is implied has the same effect as what is expressed." (U. S. vs. Babbit, 1, Black, 55; Shoemaker vs. Goshen Township, 14 Ohio St., 569.)

*Seay & Kiskaddon*, for Respondents.

The mode in which the county court pays the debts of the county, is prescribed by the statute, and must be followed. If the treasurer fails to pay the warrant issued in pursuance of that mode, the holder of the warrant has a remedy by bringing action upon it. A county warrant is in effect the promissory note of the county, and it is made negotiable by statute. When negotiated the right of action passes from the assignor to the assignee. The county court has no authority to pay money from the treasury without the intervention of a warrant, or to issue warrants to make up a loss on other warrants sold by the payees thereof, for less than par. (Wag. Stat. 415, §§ 31, 35; Phelps Co. vs. Bishop, 46 Mo. 68; Hooper vs. Ely, 46 Mo., 505; State *ex rel* West vs. Clark County, 41 Mo., 44; Thompson vs. Kellogg, 23 Mo., 281; Barrett vs. Schuyler Co., Court, 44 Mo., 197; Flagg vs. Mayor, etc., of Palmyra, 33 Mo., 440; Kingsbury vs. Pettis County, 48 Mo., 207; Han., St. Jo. R. R. Co., vs. Marion County, 36, Mo., 294; 10 Wallace 676; Clark vs. Des Moines, Iowa, reported in 6 Am. Law Reg. N. S., 146; Fairchild vs. O., G. & R. R. R. Co., 15, N. Y., 337. A warrant on the treasurer of a R. R. corporation, is in effect a promissory note, and may be declared on as such; People vs. Draper, 15 N. Y., 570, 572; Clark vs. Polk County, 19 Iowa, 248; Young vs. Camden County, 19 Mo., 309; Zimmerman vs. Bollinger County Court, 48 Mo., 475.)

WAGNER, Judge, delivered the opinion of the court.

The objections, made on the argument of this cause, to the action of the court in admitting testimony, cannot be noticed here. All the objections made by both parties at the trial were general in their nature; no specific reasons were given why the evidence was inadmissable, and where such is the case, the objections will not be considered in this court.

The real question underlying the whole case, is the power of a County court, in fulfillment of a contract, to discount county warrants so as to make them equivalent to cash.

The plaintiff entered into a contract with the county to grade and macadamize a certain road, for which he was to receive the sum of $45,756.29 in cash, or its equivalent.

A certain proportionate part was to be paid as the work progressed, and the balance in a certain specified time after its completion. It appears from the record, that cash was paid up to the time specified in the contract for completing the work, and the County court informed the plaintiff that they could obtain no more money, and that they could only pay in county warrants, and desired him to give up the contract; but this he refused to do, and went on with the work receiving warrants from time to time.

Though he did not waive his right to insist on cash payments, he received in payments $29,039.97 in cash, and $12-594.83 in county warrants. These warrants were at 30 per cent. discount.

Plaintiff then presented his claim to the County Court for the balance due him, including therein, the sum of $3,778.45, being the amount of discount on the warrants he had received.

The court refused to allow this item, and on a settlement, issued to him warrants for the balance found due. He presented these warrants to the Treasurer of the county for payment, who endorsed thereon that there was no money in the treasury, and then he left them with that officer and presented his demand against the county, for the amount of the warrants, as also for the amount which he claimed he had lost by reason of discounts as above stated.

The County Court refused the allowance of the claim and their judgment was affirmed in the Circuit Court.

I know of no law in this State, which would authorize a County Court to discount its warrants, in payment of a county debt.

The 52d chapter of the General Statutes, which was in force when this contract was entered into, is cited to support this power. But it must be seen at a glance, that it has no application to this case, and is utterly opposed to the doctrine contended for.

Bauer v. Franklin County.

The second section gives the County Court power to improve roads by grading, macadamizing, etc. The 7th section provides, that the County Court shall have power and authority for the purposes specified in the second section, to borrow money on the credit of the county, and issue the bonds of the county with coupons attached; but said bonds shall not be of a denomination of less than one hundred, nor more than one thousand dollars, and shall not run exceeding twenty years, nor bear interest at a higher rate than six per cent., nor shall said bonds or any of them be sold or disposed of at less than their par value; that is to say, the amount called for on their face.

In the present case, the County Court did not attempt to proceed in accordance with the statute. No bonds were issued, and if they had been, they could not have drawn more than six per cent., and could only have been negotiable for their par value.

Had they proceeded under the statute, or had the statute imposed no limitation on the amount for which the bonds should be sold, we apprehend that no court of justice would sanction the exorbitant discount of thirty per cent. Such a waste of the people's money for making a county road, would be intolerable.

Admit that the County Court may at their discretion, sell the county credit for whatever price they please, and the most flagrant abuses would follow. But the statute gives them no such power in the payment of the county indebtedness. It invests them with authority when the county is a party, to audit, adjust and settle all accounts, and to order the payment out of the County Treasury of any sum of money found due by the county; and the only means they can resort to upon such adjustment or settlement is to order their clerk to issue a warrant. (1 Wag. Stat., 414, 415, §§ 28, 31.) When this is done their power is extinct, and they have no right to give an additional sum to raise the warrants to a cash standard.

The County Court in making contracts is the agent of the county, with express limited and defined powers, and any one contracting with it, must take notice of its authority.

It is therefore obvious that the plaintiff in this case, cannot recover the difference between the face of the warrants, and the amount at which they were selling when he received them.

This necessarily leads to an affirmance of the judgment. But the court at the end of the judgment appended an order that the last warrants issued to the plaintiff, and to which he was entitled as being the last payment, should remain in the care and custody of the Clerk of the County Court. We do not understand this to be intended as a denial of the plaintiff's right to them; but only as a means of keeping them safely till the plaintiff called for them. They are without doubt the property of the plaintiff, and should be delivered up to him on demand.

Judgment affirmed; all the Judges concurring.