## CHARLOTTE WIBRACHT, Appellant, v. ROGER P. ANNAN et al., Respondents.

### St. Louis Court of Appeals, April 23, 1901.*

1. **Practice, Appellate:** BILL OF EXCEPTIONS. Where the bill of exceptions fails to show that certain instructions were embodied or called for therein, the omission is fatal to a review of the ruling of the trial court by the appellate court.

2. **Agency:** HUSBAND AS AGENT OF WIFE: COMPETENCY OF HUSBAND AS WITNESS: STATUTORY CONSTRUCTION. The testimony of a husband is not privileged, and is competent which goes to the scope of his agency for wife under the provisions of section 4656, Revised Statutes 1899.

*This case was received too late to be placed in chronological order.

3. ———: ———. And the provisions of section 4656, Revised Statutes 1899, remove the disqualifications of a married man as a witness in any civil suit presented in the name of or against his wife, when the suit is connected with any matter of business or transactions had with or conducted by him as the agent of his wife.

4. **Practice, Appellate:** BILL OF EXCEPTIONS, RECITALS IN: EVIDENCE, GENERAL OBJECTIONS TO. General objections to the admission of evidence do not authorize an appellate court to review the trial court's action in admitting it.

5. ———: ———: ———. And where the evidence is excluded on a general objection, the ruling will be reversed if the evidence is competent for any purpose.

6. ———: ———: ———. And in the case at bar, the recitals from the bill of exceptions do not preserve any objection or exception to the husband's testimony on the score of its being a privileged communication, and as that reason is not assigned the testimony was otherwise competent.

7. **Priviledged Communications:** OF HUSBAND AND WIFE, WAIVER OF: RIGHTS OF HUSBAND AND WIFE. Privileged communications both at common law and under the provisions of sections 4565 and 4566, Revised Statutes 1899, might have been waived by husband or wife.

8. ———: ———: ———. And in the case at bar, the record shows a clear waiver by appellant of the adverse testimony, of communications between husband and wife, given by the husband.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

Plaintiff is a married woman living apart from her husband. She brings this action to recover two thousand dollars with interest, evidenced by a promissory note given by defendants, who are co-partners, on the twentieth day of November,

1888, payable to her as Charlotte Rankle, which name she then bore, not having then married her present husband.

The answer of the defendants admitted the execution of the note, denied the allegation of the petition that defendants had fraudulently taken it from plaintiff whereby it was lost, and averred that they had fully paid it before the institution of this suit.

The evidence tended to show that shortly after the execution of the note, Henry W. Wibracht, who negotiated the transaction for the plaintiff, married her. The loan ran for sixty days and the plaintiff swears the note which evidenced it was the only one she ever received. On the other hand, there was testimony strongly tending to show that about the time of its maturity, $100 was collected on it by Henry Wibracht and turned over to her and that at its maturity she indorsed it and he surrendered it to the defendants, taking a new note to her for nineteen hundred dollars, the unpaid balance. He testified in substance to those facts, and that his wife agreed with him when the second note fell due that he might collect the proceeds and use them. To enable him to do so, he said she indorsed the note and turned it over to him. Plaintiff claimed the admission of this testimony was error. That Henry Wibracht was his wife's agent to lend and collect her money, appears in the clearest possible light, independently of his own testimony—indeed it was unequivocally sworn to by the plaintiff herself. He was her agent before their marriage, when she was living in Arkansas and he in St. Louis, and as such made the loan to the defendants, which is the subject-matter of this suit. He and the plaintiff were married in March, 1889, from which time, until their separation a few years ago, he attended to her business and collected interest and payments due her. She also testified that he paid the household expenses and supported the family until about two years before

the separation. She denied indorsing the two thousand dollar note originally given, or that she delivered it to her husband with authority to collect it, admitting, however, that she never called on the defendants to pay it nor spoke to them about it until 1896, although she received nothing on it after March, 1889. The second note fell due in July, 1889.

The evidence also tended to show that her husband executed a note to her for $2,200, on which she sued him but was defeated. The plaintiff denied that this note included the $1,900 which the defendants owed her, after they had paid her one hundred dollars on the first loan. The husband's testimony was that it was executed for that money which he had obtained from her and also other small sums which she had advanced him.

*Henry Boemler* for appellant.

(1) It was manifestly intended by the Legislature to retain those restrictions thrown around the wife's property rights, and thereby protect them from the often improvident and unauthorized acts of the husband. If not, why was section 6869 continued in the same revision and chapter along with 6864? In construing these statutes, it is our duty to harmonize and regard them both as effective, rather than as one repealing the other by implication. Bartlett v. Roberts, 66 Mo. App. 125; Brown v. Dressler, 125 Mo. 589; Hurt v. Cook, 151 Mo. 416-129; Jones v. Elkins, 143 Mo. 647; Alkire Grocer Co. v. Ballenger, 132 Mo. 369; Seay v. Hesse, 123 Mo. 456; Ern v. Rubenstein, 72 Mo. App. 337. (2) The acts, but not the declarations, of the husband during marriage are admissible. Harlan v. Moore, 132 Mo. 483. (3) The defendants knew that the plaintiff was the payee and owner of the note, and they knew, moreover, that the party they gave the money on

this note was the husband of the plaintiff. Hence, they knew that he was not clothed with the legal evidence of ownership, because the note was not transferred to him as the law required, nor was he legally authorized by the written assent of his wife to receive money on the same. R. S. 1889, sec. 6869, Laws of 1883; Hurt v. Cook, 151 Mo. 416-429. (4) A husband can not acquire his wife's separate statutory personalty by her parol gift. McGuire v. Allen, 108 Mo. 403.

*Collins, Jamison & Chappell* for respondents.

(1) The court can not consider any alleged error in the giving or refusal of instructions, for the reason that the bill of exceptions does not set out or call for any instructions or preserve any exceptions to the giving or refusal of instructions. State v. Shehane, 25 Mo. 565; Sturdivant v. Watkins, 47 Mo. 177; Blount v. Zink, 55 Mo. 455. (2) The court below committed no error in permitting the husband to testify as to the agency. R. S. 1899, sec. 4656; Leete v. Bank, 115 Mo. loc. cit. 204; Sharp v. Knox, 48 Mo. App. 175. (3) In addition to the evidence complained of, there is abundance of evidence of the agency. (4) The evidence establishes that the note sued on was paid.

GOODE, J.—The first and principal error assigned relates to the refusal of instructions requested by plaintiff. Unfortunately for the consideration of this point, the bill of exceptions fails to show that such instructions were embodied or called for therein, or that any exceptions were taken at the time to their refusal and, on motion of the respondents, they were heretofore stricken from the abstract of the record. This omission is fatal to a review of the ruling of the court on this point.

One other ruling is claimed to be erroneous; permitting plaintiff's husband to testify to the indorsement of the notes by plaintiff and the conversation between them in which she authorized him to collect the second one for nineteen hundred dollars and use the proceeds. Plaintiff's own testimony established her husband's agency for her in these transactions and made him a competent witness. In the opinion of the writer, the testimony claimed to have been erroneously admitted was not privileged, as it went to the scope of 'the agency and was competent, therefore, under the statute and the decisions. Leete v. State Bank, 115 Mo. 204; Sec. 4656, R. S. 1899. The section quoted removes the disqualification of a married man as a witness in any civil suit prosecuted in the name or against his wife, when the suit is connected with any matter of business or transactions had with or conducted by him as the agent of his wife. To give full effect to the legislative intention, it is necessary to construe this statute as conferring complete competency on the husband to testify not only to the fact of the agency, but to the authority given him as agent, unrestricted by the rule in respect to confidential communications. Otherwise the remedial purpose of the statute will be greatly stunted, as such occurrences between man and wife are usually private. My associates do not agree with me in this. But we need not here inquire whether or not the matters given in evidence by him were confidential communications and privileged, for the privilege may be waived and objection to their admission was not made nor exception saved for that reason. The only portion of the testimony of Henry Wibracht to which an objection was interposed on the specific ground that it called for privileged matter, was as to the interest he collected in March, 1889. The plaintiff herself swore to that, so the admission of Wibracht's statement to the same effect as hers would at most be harmless error. When he

was asked, after quite an interval, about how he got the $2,000 note from her, the following ensued: "Plaintiff's counsel objected on the ground that no authority has been shown to take out the note and exchange it. The Court: That is a matter of proof. It is admitted that he took it out." Then the witness proceeded to tell that his wife indorsed it and the conversation in which she authorized him to take another note for the nineteen hunderd dollars due on it; also of her indorsing the latter note when it fell due in July, 1889, and their conversation concerning it. To this the record shows the following objections: "Objected to for the reasons before stated." This would naturally refer to the reasons assigned in the last preceding objection, relating to the same matter. That objection made no point as to the testimony being privileged. The court admitted the evidence, saying to defendants' counsel: "If you say she gave him this note for any purpose you can ask him the question." The plaintiff saved no exception to this ruling. Thereupon, the witness told of the aforesaid indorsements and conversations. All that appears afterwards is the request by plaintiff's counsel, unaccompanied by any reason, that the testimony be stricken out, which request was denied and an exception taken.

We must rule that these recitals from the bill of exceptions do not preserve any objection or exception to the husband's testimony on the score of its being a privileged communication. That reason was not assigned and the testimony, whether incompetent on that ground or not, was otherwise competent. It has always been the law in this State that general objections to the admission of evidence do not authorize an appellate court to review the trial court's action in admitting it. Fields v. Hunter, 8 Mo. 128; Bank v. Merchant's Bank, 10 Mo. 123; Bauer v. Franklin County, 51 Mo. 205; Western v. Flanna-

Wibracht v. Annan.

gan, 120 Mo. 61; Bank v. Scalzo, 127 Mo. 164; Seligman v. Rogers, 113 Mo. 642. Where the evidence is excluded on a general objection, the ruling will be reversed if the evidence is competent for any purpose. Chaffee v. R'y. Co., 64 Mo. 193. When the evidence is excluded, the trial court, which is entitled to a specific objection, treats the general one as sufficient by acting on it; whereas, when the general objection is overruled, it may be presumed this was done because of its insufficiency. Evidence of fraud on the defendants' part is lacking. They accepted the loan, in the first place, reluctantly and as an accommodation to Wibracht, who pressed them to take it, as plaintiff wished her money to be earning something.

Finding no error in the record, the judgment is affirmed. All concur; Judge *Bond* in the result, for the reasons given in his separate opinion.

#### SEPARATE OPINION.

BOND, J.—The disqualification of the husband or wife to testify *for* the other at common law was not waivable, but the disqualification to testify *against* the other, whether from interest and legal identity or because the proposed testimony would embrace confidential communications, was waivable by the other party. The statutes in this State have removed the *absolute* disqualification at common law and permitted such persons to testify for each other under the limitations prescribed in the enabling acts. R. S. 1899, secs. 4562, 4566. As to the other disqualifications, resting on privilege only, as these might have been waived at common law, so they can be waived now. In the case at bar, the record shows a clear waiver by appellant of the adverse testimony, of communications between the two, given by her husband. I concur in the opinion for this reason solely.