GEISSENDOERFER, Appellant, v. WESTERN HORSESHOE COMPANY, Respondent.

St. Louis Court of Appeals, May 12, 1908.

1. **PRACTICE: Prejudicial and Incompetent Evidence: Discretion of Trial Court.** Where a written agreement was introduced in evidence, a part of which was matter incompetent and irrelevant, the ruling of the trial court sustaining a motion for new trial on the ground that such evidence was prejudicial will be respected by the appellate court.

2. ———: **Evidence: Evidence to Prove Conceded Facts Not Relevant.** In an action by an employee against his employer for a balance due on his salary, where the employment was conceded and the only issue was whether the employee had been discharged before the salary sued for accrued, a contract between the plaintiff and defendant showing the employment, and other matters which were prejudicial, was incompetent.

3. ———: ———: **Specific Objection.** The ruling of the trial court in setting aside a verdict on account of the introduction of such contract will not be disturbed, notwithstanding the objection to it was general, not stating any specific grounds of objection to it; the rule that where evidence, competent for any purpose, is admitted over a general objection, the ruling of the trial court will not be reviewed on appeal, does not apply in such case.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Warwick Hough,* Judge.

AFFIRMED AND REMANDED.

*J. Hugo Grimm* for appellant.

(1) The contract in question was the contract of
the defendant, and it was, therefore, competent and
admissible in evidence. Smith v. Alexander, 31 Mo.
193; McClellan v. Reynolds, 49 Mo. 312; Sparks v. Dis-
patch Transfer Co., 104 Mo. 531; McGee v. Larramore
Co., 50 Mo. 425; Newberry v. Durand, 87 Mo. App.
295. (2) An objection to an entire ·document as a
whole is futile, where any part of it is admissible. Ste-
phen v. Metzer, 95 Mo. App. 624; Schulenburg & B. L.
Co. v. Stimple, 33 Mo. App. 154; Grimm v. Dundee Co.,
55 Mo. App. 457; Huke v. Railroad, 79 Mo. App. 685;
Williams v. Dittenhofer, 188 Mo. 141; Bragg v. Rail-
way, 192 Mo. 345.

*Collins & Chappell* for respondent.

STATEMENT.—The contract referred to in the opin-
ion is as follows:

"Agreement made this 29th day of December, 1904,
between A. W. Jones, vice-president and general mana-
ger of the Western Horseshoe Company, first party, and
Martin Geissendoerfer, second party, both of St. Louis,
Mo.

"Witnesseth; The said Jones hereby agrees to sell,
and the said Geissendoerfer hereby agrees to buy one
hundred and fifty shares of the full paid capital stock
of the Western Horseshoe Company for the sum of one
thousand dollars cash.

"The said Jones hereby agrees to guarantee eight
per cent per annum dividend upon the par value of said
stock, and in case the regular dividend declared on the

first days of July, 1905, and January, 1906, shall not equal the said eight per cent, then the said Jones shall account for and pay to the said Geissendoerfer the difference thereon, it being understood that the said Jones shall not benefit by any excess of dividend above eight per cent.

"The said Jones agrees to employ said Geissendoerfer in the prosecution of the business of said Horseshoe Company, allotting to him such lines of duty in and out of the office of the company as seems best suited to his capacity and the general interests of the company, at a salary of eighty-five dollars per month, and in case of said Geissendoerfer shall be required to go outside of St. Louis in the discharge of such duties, all of his legitimate expenses shall be paid by said company.

"The said Jones agrees that in case the services of the said Geissendoerfer shall prove satisfactory and beneficial to said company so as to justify an increase of salary on or before the first day of July, 1905, his salary shall be raised to one hundred dollars per month and periodically thereafter at times and in proportion as his services may warrant.

"The said Geissendoerfer, in consideration of the above salary and covenants in this agreement, hereby agrees to faithfully and diligently do and perform all the duties allotted to him and at all times to have the welfare and best interest of the company in view and to prosecute the same to the best of his efforts.

"Signed and witnessed this the day and date above written, in duplicate, as our act and deed for the purposes stipulated.

"A. W. JONES,
"MARTIN GEISSENDOERFER.

"Witness:  A. W. JONES, JR."

GOODE, J. (after stating the facts).—This action was instituted before a justice of the peace on a statement of account for salary alleged to be due plaintiff.

"St. Louis, Oct. 1, 1905.
"Western Horseshoe Company, Dr.,
    To Martin Geissendoerfer.
1905.
    To six months' salary from April 1, '05,
        to October 1, '05, at $85   per month,   .
        six months .. .. .................. $510.00
    By cash received ..................... 31.70

                                            $478.30"

The case reached the circuit court where it was tried before a jury and resulted in a verdict for plaintiff for $527.99. Defendant filed a motion for a new trial, which the court sustained on the ground that error had been committed in admitting in evidence all of a certain paper writing purporting to be a contract of employment between plaintiff and defendant, but which was not sued on or filed with the justice. The court held a portion of said paper, which related to the purchase of stock by plaintiff in the defendant company, was adapted to prejudice the minds of the jury in favor of plaintiff and against defendant. From the order granting a new trial this appeal was prosecuted. At the trial in the circuit court, defendant admitted plaintiff was employed to work for it by the month at a salary of $85 a month. His employment was to begin January 1st. Plaintiff asserted he had worked until October, 1905, and sued for unpaid salary alleged to be due for the period from April 1st to October 1st, amounting to $510, on which a payment of $31.70 was credited. Defendant contended plaintiff was discharged May 1, 1905, having been told during the previous April his services would not be required

after May first.  It should be stated that before the trial in the justice's court the defendant had filed a written offer to allow judgment to go against it for the sum of $41.  The position of defendant's counsel is that the only issue of fact between the parties is whether or not plaintiff was discharged May first, or whether he continued in defendant's employ until October first and is entitled to recover wages to the latter date.  The court took the same view of the case, nor does it appear from the record plaintiff's attorney held a different theory.  But said attorney offered in evidence the written contract referred to in the order for new trial, for the purpose of showing plaintiff was employed by defendant at $85 a month.  Though plaintiff's attorney admitted no question was raised about his client having been employed, he insisted it was competent to show the circumstances, the agreement made at the time, and what plaintiff did to get employment.  On this theory he insisted on the competency of the written contract. This paper will accompany the opinion and a person reading it will perceive it contains distinctive subject-matters and is, at least in large part, a contract by which A. W. Jones, as vice-president and general manager of the company, agreed to sell and plaintiff agreed to buy one hundred and fifty shares of the capital stock of the company for $1,000.  Jones also agreed to guarantee eight per cent dividends on the par value of the stock and to make good the difference between the amounts declared as dividends on July 1, 1905, and January 1, 1906, and what the dividends would amount to at eight per cent.  It contains provisions by which Jones employed plaintiff in the business of the defendant company at eighty-five dollars a month, agreeing if plaintiff's services proved satisfactory, to have his salary raised to one hundred dollars a month July 1, 1905, and thereafter periodically as his services might warrant.  There are other provisions in the document

relating to the employment of plaintiff. The recitals in the order for new trial show the court thought defendant was prejudiced by the portion of the writing relating to the purchase of stock from Jones by plaintiff. Appellant's contention on the appeal is that inasmuch as defendant's counsel only objected to the paper on the ground it was not a contract of employment by defendant, the objection did not go specifically to any part of the contract, but to the whole of it; hence the trial court had no right to grant a new trial for error in admitting a portion of the paper.

As to the prejudicial influence of the document or the portion of it relating to a sale of stock, we think the opinion of the lower court ought to be respected. It is possible this part of the writing had no influence on the jury, but it is possible, too, it influenced them against the defendant. Hence we decline to interfere with the order for new trial on the ground the lower court was in error in supposing a part of the contract was harmful. The main argument is that as defendant's counsel made only general objections to the document on the score of its incompetency, it was error to grant a new trial because part of it was incompetent. This argument is rather strained. Without saying that in no event could the writing be competent to prove plaintiff's employment, we hold it was irrelevant as the case stood, because the employment was conceded and the only issue of fact was the time of his discharge. Where evidence competent for any purpose, is admitted over a general objection, the ruling of the trial court will not be reviewed on appeal; because it is the duty of the objector to point out definitely the reasons why the evidence should not be admitted, both to enable the trial court to rule intelligently and the appellate court to pass on the competency of the evidence, with reference to the same reasons which prevailed below. [Fields v. Hunter, 8 Mo. 128.] But this is a different proposi-

tion from saying if the trial court itself becomes satisfied a bit of the admitted evidence was irrelevant, improperly admitted and prejudiced the jury, the court, because the evidence was objected to generally, is powerless to set aside the verdict given under the bias produced by the incompetent evidence.

The order for new trial is affirmed and the cause remanded. All concur.