HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant, v. JEREMIAH P. MOORE, Respondent.

1. *Practice—Trial—Evidence—Exceptions.*—Evidence should be admitted or rejected when offered, and the bill of exceptions should show that the objections were made when the evidence was offered, with the specific reasons therefor.

2. *Railroads—Public Lands.*—The acts of Congress of June 10, 1852, and February 9, 1853, and the act of the General Assembly of September 20, 1852, amounted to a legislative grant of the even numbered sections of land within six miles of the roads named in said acts, as soon as the lands were designated by a definite location of the route of said railroads in the manner provided in said acts. It was not necessary that the maps, showing the definite location of the roads, should designate the particular sections which had been granted by the acts. The descriptive list of lands granted by the acts of Congress, certified by the Commissioner of the General Land Office, is presumptive evidence that the lands therein specified have been granted.

*Appeal from Linn Circuit Court.*

*Hall* and *Oliver*, for appellant.

I. The court improperly excluded the proofs offered by

plaintiff. (10 U. S. Statutes at Large, 8; Greenl. Ev. §§ 484–5.)

II. It made at least a *prima facie* case of title in fee to the land in suit. (Acts of 1857, Adj. Sess., 54.)

III. The statute of limitations did not commence running against plaintiff until the selection of land was affirmed by the Secretary of the Interior. (Lindsey et als. v. Lessee of Miller, 6 Pet. 666.)

*Lander,* for respondent.

I. The company by the record have shown no title to the land in question, excepting that furnished by the record of the descriptive list, under the act of the Legislature Nov. 23, 1857.

The grants of land to the company attached to no particular part until the land was selected. (32 Mo. 21.) No evidence in the record shows that that land was ever selected.

II. There was no power in the Legislature to pass' such a law, until it was first shown that the land in question passed out of the United States. (13 Pet. 517.)

HOLMES, Judge, delivered the opinion of the court.

This was an action in ejectment, commenced on the 30th day of July, 1863, in the Linn county Circuit Court, for the recovery of the possession of a tract of land, described as the southeast quarter of section 10, in township No. 58 north of the base line, and range No. 20 west of the fifth principal meridian, situated in the county of Linn, in the State of Missouri. The answer denied that the plaintiff was entitled to the possession of the premises. It admitted that the defendant had entered and taken possession of the premises, as alleged, but claimed that he had done so by virtue of a good and sufficient legal title in himself; and the statute of limitations was set up as a defence. The plaintiff claimed title under the act of Congress of June 10, 1852, entitled " An act granting the right of way to the State of Missouri, and a portion of the public lands to aid in the con-

struction of certain railroads in said State " (10 U. S. Stat. at Large, p. 8) ; and an act of the General Assembly of the State of Missouri, entitled " An act to accept a grant of land," &c., approved September 20, 1852 (R.R. Laws, 115) ; and offered in evidence, *First*—A certified copy of a resolution of the board of directors of the Hannibal and St. Joseph Railroad Company, adopted on the ninth day of March, 1853, accepting the grant of lands mentioned in said act, from the office of the Secretary of State, where it had been filed on the 17th day of March, 1853 ; to the admission of which no objection was made.

*Second*—A certified copy of the map of the definite location and route of the Hannibal and St. Joseph Railroad, with lines and figures on the same denoting the sections, townships and ranges within six miles of the railroad, from the office of the Commissioner of the General Land Office, by which it appeared that the location of the route was made and adopted by the company on the 8th day of March, 1853 ; but it did not show the date when the same was filed in the office of the Commissioner of the General Land Office at Washington ; and it was admitted by the defendant that the land sued for was situated within six miles of the railroad, as located on the map, but there was nothing on the face of the map to indicate that this particular quarter section had been granted, nor were the sections numbered on the map. This document was excluded as " improper evidence."

*Third*—A certified copy of a similar map, from the office of the Recorder of Linn county, which appeared to have been filed for record on the 16th day of March, 1854 ; but the copy was not certified by the Recorder to be a copy of the record in his office ; and it was excluded on the ground that it was not recorded, no objection being specifically taken to the want of a certificate of the Recorder. It was admitted that the land sued for lies within six miles of the railroad as indicated on the map ; but there was nothing on the face of the map to indicate that the land in question had been granted to the plaintiff.

*Fourth*—A descriptive list of lands situated in Linn county, granted to the plaintiff by the State of Missouri, by the act of September 20, 1852, as the same had been certified by the Commissioner of the General Land Office, and approved by the Secretary of the Interior, and filed for record in the Recorder's office of the county of Linn, in compliance with the act of the General Assembly of Missouri, approved November 23, 1857, and recorded January 12, 1858 ; to the admission of which there was no other objection than that set forth in the defendant's motion, to exclude all the plaintiff's evidence, at the close of the evidence. Some evidence was then offered by the defendant relating to his possession of the land in controversy; and at the close of the case, on motion of the defendant, the court excluded all the plaintiff's evidence. The plaintiff thereupon took a non-suit with leave, filed his motion for a new trial, and took an appeal to this court.

The action of the court below, in sustaining this motion, was clearly erroneous. There was certainly some admissible and competent evidence before the jury, and some of the plaintiff's evidence had been admitted without objection. Evidence should be admitted or excluded when it is offered on the trial, and the bill of exceptions should show that the objections were made when the evidence was offered, and the specific ground of the objection should be stated at the time; otherwise the objections will be presumed to have been waived. When evidence has been admitted, with or without objection, it is proper for the court to give instructions upon the legal effect of such evidence ; and if no sufficient evidence is introduced to warrant the jury in finding a verdict for the plaintiff, the court may instruct the jury to find for the defendant, unless the plaintiff will take a non-suit.

The act of Congress and the act of the General Assembly amounted to a legislative grant, which operated as a grant of the specific lands, whenever they should be particularly ascertained and designated by a definite location of the route of the railroad. This location was to be made by the corpo-

ration. When that was done, the act operated as a grant of the alternate sections of land lying within six miles of the railroad on either side, and bearing even numbers on the surveys of the public lands, unless the same had been previously sold by the United States, or some right of pre-emption had been acquired. The admissions of the defendant in his answer, and on the trial, are sufficient to identify the land sued for, as a part of one of the sections which had been so granted. A certified copy of the public surveys of lands would be the proper evidence to show what sections had been surveyed and designated by even numbers within the six miles of the railroad, as located by the company. To the admission of the certified copy of the definite location of the railroad no valid objection was specifically made. It was not necessary that the map accompanying it should designate on its face the particular sections which had been granted. The same may be said of the certified copy which was produced from the office of the Recorder of Linn county. No objection was made to the admission of the descriptive list. It appears to have been made out and filed in accordance with the act of the General Assembly. (R.R. Laws, 113.) It was admissible evidence to show a *prima facie* title in the plaintiff to the lands therein designated, under the act of Congress making the grant; but it was only *prima facie* evidence, and could not impair or affect the right or title of any individual to any of these lands, when such right or title should be made to appear; and it was open to rebuttal. We think the court erred in excluding the plaintiff's evidence at the close of the trial.

The judgment is reversed and the cause remanded. Judge Wagner concurs; Judge Lovelace absent.