HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Respondent, *v.*
JEREMIAH P. MOORE, Appellant.

1. *Ejectment — Railroad lands — Congressional grant — Filing map of land
in county records.*—In case of suit in ejectment by the Hannibal & St. Joseph
Railroad Company, under the act of Congress of June 10, 1852, and the Mis-
souri statute of September 20, 1852 (R.R. Laws, p. 117), where no question
was made as to the location of the road, nor was it questioned that the land
sued for was included within the grant by Congress, nor was it urged that the
land had been sold by the United States, or that any right of pre-emption
had attached to it, nor was it disputed that plaintiff's proof made out a
*prima facie* case—the mere non-recording in a given county of the map of
lands taken by the railroad company in that county, as directed by the act of
September 20, would not be fatal to plaintiff's recovery.

### *Appeal from Fourth District Court*

*Easley & Mullins*, for appellant, cited Railroad Laws, 117,
§ 7; Pacific R.R. v. Lindell's Heirs, 39 Mo. 342; Baker v.
Gee, 1 Wall. 333; Papin v. Ryan & Walker, 32 Mo. 21–24;
Hann. & St. Jo. R.R. Co. v. Smith, 41 Mo. 310.

*Carr, Hall & Oliver*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The opinion of the court, delivered in this cause when it was
previously here, embodies a statement of the main facts exhibited
in the present record. (37 Mo. 338.) It is therefore unnecessary
to repeat them here. The point now pressed upon our attention
relates to the supposed effect upon the plaintiff's title of the non-
recording in Linn county of the map of lands taken by the
plaintiff in that county. The act of September 20, 1852 (R.R.
Laws, 117, § 7), directed the recording of such map in the county
where the lands taken were situated, and it is insisted that the
failure to cause such record to be made was a fatal omission.

When this case was previously in this court, it was decided
that the act of Congress of June 10, 1852 (10 U. S. Stat. at
Large, 8) and the act of the Legislature of this State, of Sep-
tember 20, 1852, amounted to a legislative grant of the even-
numbered sections of land within six miles of the line of the

plaintiff's railroad, as soon as the lands were designated by a definite location of the road in accordance with these acts, unless such lands had been previously sold by the United States, or some pre-emption right had been acquired therein. No question is made as to the location of the road; nor is it questioned that the land sued for is included within the grant; nor is it urged that the land had been sold by the United States, or that any right of pre-emption had attached to it; nor is it disputed that the plaintiff's proofs made a *prima facie* case. The defense rests upon the single fact of the non-recording of the aforesaid map in the county of Linn. Until such record was made, it is insisted that no title vested in the plaintiff; and further, that proof of the fact of the non-recording destroyed the plaintiff's *prima facie* case.

The objection taken is not available to the defendant. What might be its effect under a different state of facts, it is not necessary to inquire. The defendant does not fall within the exception stated in the former decision. He sets up no rival claim or title. He does not pretend to hold under the United States, or as pre-emptor, or as having succeeded to the rights of a pre-emptor. He stands on his naked possession. As against him, the plaintiff's *prima facie* case must prevail.

With the concurrence of the other judges, the judgment will be affirmed.