———O———

WILLIAM H. BROWN, Respondent, *vs.* NATHANIEL M. HARRIS, Appellant.

1. *Taxes—Schools—County Clerk—Collector.*—Under the act of 1867, [now changed] in relation to schools, [W. S., (1870) 1265,] it was the duty of the County Clerk to extend the amount of the school tax on the assessment books. The Auditor had no jurisdiction in the matter, and his mandate would not protect the collector in proceeding to collect money, as such taxes.

2. *Officers, ministerial—Courts, mandates of—Responsibility.*—A ministerial officer is protected in executing the mandate of the Court which has power to issue such a mandate.

*Appeal from the St. Louis Circuit Court.*

*Thomas C. Reynolds,* for Appellant.

The tax books when regularly certified and authenticated afford the same protection to the collector in collecting taxes therein assessed, that a judgment at law does to the Sheriff in enforcing an execution issued thereon. (State vs. Shacklett,

37 Mo., 284; 47 Mo., 463; 43 Mo., 463; 49 Mo., 482; 50 Mo., 134.)

The revenue acts and the school tax acts, being *in pari materia* taxations, must be construed together and as a whole. We must construe the school act of 1867, to mean that when assigning certain duties to the County Clerk, it meant merely the officer who performed like duties in regard to the State and County revenue: *i. e.* in St. Louis County the Auditor.

Even if the Clerk of the County Court were the proper officer to assess the school taxes, his getting the Auditor to do so for him was a mere technical irregularity not invalidating the tax bill.

*B. D. Lee*, for Respondent.

The County Auditor had nothing whatever under the law to do with issuing the tax bill or making the assessment for taxes in this case, and there was no justification in the action of the Collector in making the levy; because he was bound to know that the bill was made out by the officer having authority thereto.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought his action of trespass against the defendant for taking and seizing a package of bank notes.

The defendant justified the seizure on the ground that he was County Collector at the time and that the notes were taken to satisfy the tax bill in his hands, which had been assessed against the plaintiff for school taxes. This fact was put in issue by the replication. It seems, that the County Auditor extended the tax on the assessments, returned and issued the warrant to the Collector, and that the County Clerk had nothing to do with it. The law in force at the time was the act of 1867. (2 W. S., 1, p. 1265), in relation to schools in cities, towns and villages, the 8th section of which provides, that the same assessment on property, which shall be made from time to time for State and County purposes, shall be deemed and used as the lawful and proper assessment in levy-

ing and collecting the taxes and assessments authorized by this Act ; and such taxes and assessments shall be a lien upon and against the property so taxed and assessed, until the same shall be paid off and satisfied. " Said Board shall, on or before the first Monday of April of each year, cause to be certified to the Clerk of the County Court of the County in which said District is situate, the rate of tax levied for the purposes aforesaid for the year, together with the names of the tax-payers residing or owning property within said district and the territory embraced therein ; and it is hereby made the duty of said Clerk to extend the taxes, so levied under the provisions of this act, upon the tax book before the same shall be deliver-ed to the County Collector, whose duty it shall be to collect said taxes in the same manner that he is required to collect State and County taxes, &c."

The law then plainly is, that the School Board shall certify to the Clerk of the County Court the rate of tax levied, with the names of the persons residing or owning property within the district, and it is the Clerk's duty to extend the amount of the tax so levied upon the assessment books. This duty is cast upon the County Clerk, and it must be done by him in his official capacity. He, and no other person, is responsible for the manner in which it is done. The Auditor had clearly no juris-diction over the subject matter, and his precept did not amount to a justification. Had the work been done by an officer vested by law with jurisdiction, although in an irregular manner, the defendant would have been protected, for he would not have been bound to look into the proceedings to see whether it was done in a formal legal way. A ministerial officer will not be responsible for executing the mandate of a Court having power to issue it. But in this instance the Auditor had no jurisdiction, and consequently there can be no protection.

The law has since been changed, and in St. Louis County the duties that devolved upon County Clerks under the school law are now devolved upon the County Auditor. ( 2 W. St., p. 1250, (1872) § 39). But such was not the law when this case arose.

The judgment was for the plaintiff and it must be affirmed.

The other Judges concur, except Judge Sherwood, absent.

