WAYNE COUNTY v. THE ST. LOUIS & IRON MOUNTAIN R. R. Co., *Appellant.*

**Practice in the Supreme Court:** EVIDENCE. A judgment will not be reversed because of the admission of improper evidence upon the trial, where it was introduced and read without objection ; nor where, if reversed, the evidence would be competent upon a subsequent trial.

*Appeal from Wayne Circuit Court*—HON. R. P. OWEN, Judge.

*Thoroughman & Warren and W. R. Donaldson* for appellant.

The certificate of the Auditor is no evidence of the action of the of Board Equalization, and was not intended by the act to serve such a purpose. Sess. Laws 1871, page 56.; *Washington County v. St. Louis & I. M. R. R. Co.*, 58 Mo. 378 ; The act in relation to taxation of railroads, approved March 15, 1875, is a legislative construction of the act of 1871, to the effect above stated. Sess. Acts 1875, p. 122, § 11.

*J. W. Emmerson and J. P. Dillingham* for respondent.

1. Objections to evidence must be made at the time it is offered, and the ground of the objection must be stated or the objection cannot be considered by this court. *Ramsey v. Waters*, 1 Mo. 406; *Fields v. Hunter*, 8 Mo. 128 ; *Waldo v. Russell*, 5 Mo, 387 ; *Withington v. Young*, 4 Mo. 564 ; *Connoly v. Pendergast*, 33 Mo. 577.

2. Even if this court should still think that the certifcate was insufficient at the time it was used in the court below, and as the law then was, still it is sufficient as the law now is.

NAPTON, J.—This case was tried in October, 1874. The suit was one brought by the county to recover certain

taxes levied by the county court for 1872, upon the defendant's property in Wayne county, based upon the certificate made by the Auditor at Jefferson City, under the 11th and 12th sections of the act of March 10th, 1871. Upon the trial the Auditor's certificate was introduced and read without objection. After verdict, a motion for new trial was made, alleging among other reasons, that improper evidence was allowed.

It is now insisted that as the Auditor's certificate was declared a nullity so far as the Board of Equalization is concerned, by the decision of this court in *Washington County v. The St. Louis & I. M. R. R. Co.*, (58 Mo. 378,) and the certificate in this case is identical in form with the one offered and admitted in that, it follows that the judgment in this case must be reversed. We are not of this opinion for two reasons.

In the first place, no objections were made at the trial to the introduction of the Auditor's certificate. Had objections been made and sustained, we cannot see that competent evidence might not have been introduced to establish what the certificate was offered to establish. It is well settled in our practice, that the bill of exceptions must show that the evidence offered was objected to at the time it was offered, and in several cases it is held that the objections must be specifically stated. 37 Mo. 338; 39 Mo. 222; 40 Mo. 356. But apart from this, in March, 1875, shortly after the decision in *Washington Co. v. St. L. & I. M. R. R. Co.*, the Legislature enacted that these certificates of the Auditor " should be held and received in all courts and places where the action of said Board of Equalization may be called in question, as *prima facie* evidence of the facts as set forth in the certificate, and that each and every act required to be done by said Board, under the provisions of this act had been fully complied with, and the party using or offering such certificate in evidence shall not be required to produce the record of the proceedings or decisions of said Board, or copy thereof, nor any other matter or thing

to sustain such certificate." Why then send the case back for a new trial, when it is plain that in such trial the Auditor's certificate would be admissible?

We may, however, go back to a very early period of our judicial history, and find that from the beginning a party objecting to testimony must do so at the time it is offered, and state his objections. In *Ramsey v. Waters,* 1 Mo. 287, (406) Pettibone, J., observes: "As to the last point, that the bill of sale was improperly rejected, the bill of exceptions does not state the ground on which it was rejected. It might be that the plaintiff did not offer to prove the execution of it. If so, it was properly rejected. As this proof necessarily precedes its being offered in evidence, we cannot see but that it was very properly excluded." In *Waldo v. Russell,* 5 Mo. 393, Judge Tompkins observes: "That it was the duty of the defendant to object, in the progress of the suit, to each particular point of the evidence which he deemed objectionable. The plaintiff might, perhaps, have been able to cure a defect or to find other evidence." In *Fields v. Hunter,* 8 Mo. 131, it was observed: "It does not appear from the bill of exceptions that any objections to the instrument offered in evidence on any specific ground, were made in the circuit court, and this court has heretofore intimated its views of the spirit of the rule prescribed by the Legislature, that only such points shall be reviewed here as were decided on by the court below. It is manifest that unless the party points out specific objections in the circuit court, and the bill of exceptions shows what these objections were, the case may be decided on one point in the circuit court, and reversed on another by the appellate court." *Dickey v. Malechi,* 6 Mo. 186; *Frost v. Fryor,* 7 Mo. 316. We refer to these early decisions merely to show that the more recent ones heretofore referred to have always been the doctrine of this court. The judgment must therefore be affirmed. The other judges concur.

AFFIRMED.