R. S. MACDONALD, Respondent, *v.* HIRAM W. LEFFING-
WELL, Appellant.

### January 20, 1880.

1. Where the judgment directs a *fieri facias* to issue and a *capias* is issued,
the court having jurisdiction to issue either, in pursuance of which *capias*
the officer arrests the defendant in execution, who thereupon pays the fine
and costs to the officer, an action will not lie by the defendant in execu-
tion against the officer to recover back the money.

2. The writ justified the officer, and the question of the regularity of the proc-
ess cannot be raised in such a proceeding; it is immaterial that the
money was not paid over to the United States by the officer prior to the
suit.

APPEAL from the St. Louis Circut Court.
*Reversed and remanded.*

W. H. BLISS and JOHN P. ELLIS, for the appellant : The
officer was justified under the writ. — *Brown* v. *Henderson*,

1 Mo. 134 ; *The State* v. *Hamilton*, 9 Mo. 794 ; *Hayden* v. *Conway*, 12 Mo. 296 ; *Howard* v. *Clark*, 43 Mo. 348 ; *Brown* v. *Harris*, 52 Mo. 306. The regularity of process cannot be inquired into in a collateral proceeding. — *Bracket* v. *Bracket*, 53 Mo. 265.

A. M. Sullivan, for the respondent : The rule that an officer is justified by process is one of protection only. — Crocker on Sheriffs, sect. 286. General rule as to justification under voidable writ. — *Johnson* v. *Fox*, 51 Ga. 272 ; 2 Willard on Torts, 125 *et seq.* Notice of jurisdictional defect charges sheriff, although writ is regular on its face. — *Grace* v. *Mitchell*, 31 Wis. 533 ; *Howard* v. *Clark*, 43 Mo. 344.

Bakewell, J., delivered the opinion of the court.

The petition in this case alleges that defendant wrongfully arrested Torlina, the original plaintiff in the cause, and whilst said plaintiff was unlawfully confined, took from him $1,053, which defendant refused to return. Defendant answers, that at the, time mentioned he was United States marshal for the Eastern District of Missouri ; that he arrested plaintiff under a *capias pro fine;* and that, whilst in custody, plaintiff voluntarily paid to him the amount claimed in this action, being the fine and costs named in the writ, which defendant holds as marshal, and as the property of the United States.

The evidence shows that Torlina was indicted for violation of the revenue law of the United States ; that he pleaded guilty ; that he was sentenced to one day's imprisonment, and to pay a fine of $1,000 and costs ; that a *capias* issued to the marshal, under which Torlina was arrested ; and that whilst in custody he paid the fine and costs to the deputy of defendant, who was marshal of the United States ; that Torlina's attorney next day notified plaintiff that he would have to pay the money back. The judgment was introduced in evidence, against the objection of defendant, for the purpose of showing that the only execution warranted by the

judgment was a *fieri facias* against the goods of defendant. There was a judgment for plaintiff, the cause having been tried by the court, a jury being waived. Afterwards, Mac-Donald claimed that the judgment had been assigned to him, and he was substituted as plaintiff.

It is not seriously contended that the District Court of the United States had not jurisdiction of the person and the subject-mattter in this case, or that it had no power to enforce the payment of the fine and costs by a *capias*. The statute now provides (U. S. Rev. Stats., sect. 1041) that, in criminal or penal causes where a fine has been imposed, judgment, so far as the fine is concerned, may be enforced by execution against the property of defendant, in like manner as judgments in civil cases are enforced. This statute does not take away the power which the Federal courts have claimed and exercised of issuing a *capias* to compel the payment of a fine. The execution in this case was regular on its face, and emanated from a court having jurisdiction over the subject, and power to issue it. The marshal was not bound to go behind his writ and inquire whether it was warranted by the judgment. For the purposes of this defence, the execution was a perfect protection and justification to the officer, and it is wholly immaterial to inquire whether the judgment directed a *fieri facias* or a *capias*. It is a matter of indifference to the officer charged with the execution of a writ whether the court rendered judgment according to law, or whether the clerk rightly entered the judgment, or whether the execution follows the judgment. It is enough for him that the court whose process he is to serve had jurisdiction of the subject. This is perfectly well settled. *Higdon* v. *Conway*, 12 Mo. 296 ; *Howard* v. *Clark*, 43 Mo. 348 ; *Brown* v. *Harris*, 52 Mo. 306. The question as to the regularity of this execution could not possibly arise in the present case. This was not a proceeding to quash the execution ; and executions irregularly issued are held to be good, except upon a direct pro-

ceeding. 12 Mo. 238 ; 16 Mo. 68 ; 46 Mo. 488 ; *Brackett* v. *Brackett*, 53 Mo. 266. It is also immaterial whether defendant had paid the money to the United States at the time of the trial. It is to be presumed that he had done so, since every man acting officially is presumed to have done his duty.

We are utterly unable to perceive any theory of law which, upon the undisputed facts of the case, will warrant this judgment. A convicted person, having paid his fine to the proper officer having a *capias* against him, can have no action against the officer to recover the money back. It is difficult to see of what Torlina complains. It is manifest that no wrong has been done him. No action can lie against the marshal ; his writ is his sufficient protection, and the evidence shows that he exactly obeyed his writ. If it be true that the writ does not follow the judgment, Torlina had his remedy by motion to quash, or otherwise ; but, having paid his fine to the marshal having the writ, he cannot recover it back by a civil proceeding against the officer.

The judgment is reversed and the cause remanded. If a new trial be had and no other case is presented, the judgment ought to be for the defendant. Judge HAYDEN concurs ; Judge LEWIS is absent.