STATE OF MISSOURI, TO THE USE OF J. A. WATSON, Respondent, *v.* DANIEL· HARPER, Appellant.

### December 13, 1881.

Under the act of 1867, the county auditor had no jurisdiction to extend the amount of the school tax on the assessment books, and there can be no recovery on a tax-bill, in a proceeding under the back-tax law, where the county clerk did not make the extension.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Reversed and dismissed.*

H. H. DENISON, for the appellant.

FRANKLIN FERRISS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action under the back-tax law of 1877 (Rev. Stats., sect. 6832 *et seq.*), for the aggregate of two taxes assessed against a tract of land of the defendant in St Louis County, for the years 1869 and 1870, for the support of public schools in the town of Webster. The case was tried by the court without a jury, and judgment was given for the plaintiff.

It is admitted that the original tax-bills, issued against the defendant for the taxes here sued for, are of the same nature

and the same assessment as the one passed upon in the case of *Brown* v. *Harris* (52 Mo. 306), and that the assessment, the extension of the tax upon the tax-books of the county, and the issue of the original tax-bills, took place before the controversy in the case of *Brown* v. *Harris* arose. It is also shown — and this fact is not questioned — that the board of directors of the Webster school district made no return for the years 1869 and 1870, to the clerk of the county court, of the rate of taxation levied for school purposes within their district, as required by the law then existing, but that they returned their levy to the county auditor, and this officer, and not the clerk, extended the same upon the tax-books of the county.

In *Brown* v. *Harris* (*supra*), it was held that a tax-bill based upon a levy thus extended upon the assessment books was void, and that a collector who had seized personal property under it was liable as a trespasser. It follows that there can be no recovery in this case, unless there is something in it to take it out of the rule laid down in that case. We can discover nothing. We have been much impressed with the oral argument, and with the brief of the counsel for the plaintiff; but, after carefully considering all that is there so well and forcibly said, we cannot discover anything in it which could not have been said to the supreme court in the case of *Brown* v. *Harris*.

It is suggested that that was a case of a sheriff attempting to justify under a void execution, or what was the same thing, a void tax-bill, while this is a proceeding on behalf of the state to enforce its lien for public revenue. This does not obviate the difficulty. A lien for taxes is never perfected so that it can be enforced in any proceeding, until the amount chargeable against the particular property is ascertained. Until then it is inchoate — a mere possibility, which, when perfected, takes effect by relation from the date named in the statute. But if the amount is never ascertained by the officer having jurisdiction to ascertain it, there never is a lien which can be enforced. There never

was a valid lien in this case, for the same reason that there never was a valid tax bill in *Brown* v. *Harris:* the amount named in the tax bill in one case and chargeable as a lien in the other was never ascertained by an officer having jurisdiction to ascertain it.

It is no answer to this position to say that the correctness of the amount of these tax-bills is not in fact disputed, or that the act of ascertaining the amount was a mere mathematical calculation, which could have been done by the auditor as well as by the clerk. A judgment may be rendered in favor of a creditor, upon a perfectly valid claim against his debtor; but yet if it is rendered by a court having no jurisdiction over the subject-matter, not only would an officer who should sieze chattels under an execution issuing from it be liable as a trespasser, but it would not furnish a foundation for a subsequent suit, nor for any other proceeding against the defendant therein.

The plaintiff's counsel endeavors to avoid the force of this reasoning by suggesting that the plaintiff is not suing upon the old tax-bill; that the former extension is *functus officio;* and that he has nothing to do with it, but is suing upon a new extension and a new tax-bill certified from such new extension. This new extension, he tells us, is the "back-tax book" provided for by section 6834 of the Revised Statutes. An examination of this section will show that no such effect can be claimed for the "back-tax book." It is not a new extension of any tax previously levied, and it does not purport to be. It is simply a compilation, obviously made from existing records, of the amounts of uncollected taxes, accruing to different funds for different years, standing against particular tracts of land belonging to particular persons. It seems clear, then, that, under the decision of the supreme court in *Brown* v. *Harris* (*supra*), there can be no recovery in this case. The judgment must therefore be reversed; and, as another trial could not possibly change this result, the case will not be remanded, but will be dismissed. Judge BAKEWELL concurs; Judge LEWIS is absent.