THE STATE *ex rel.* WATSON, *Collector, Appellant,* v. HARPER.

1.  Taxes, Enforcement of Lien for: STATUTE.   The statutory lien for taxes under the law of 1877 (Laws p. 385, R. S. sec. 6832) held enforceable for school taxes duly assessed and levied under the act of 1867 (Laws p. 162), although not extended on the tax book by the county clerk, as required by the latter act.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*Franklin Ferriss* for appellant.

(1)   The lien attached when the rate was fixed by the proper authorities, and related back to the initial day of the assessment, and the extension of the tax was

a mere mathematical calculation and could not affect the lien already created, although such extension was not made by the county clerk as required by law. Burroughs on Taxation, pp. 272 and 273, and note; Cooley on Taxation, pp. 258 and 305; *Blossom v. Vancourt*, 34 Mo. 390; *McLaren v. Sheble*, 45 Mo. 130. Laws 1867, page 162, sec. 8 (schools, cities, towns, and villages); *Rundell v. Lakey*, 40 N. Y. 513. (2) The law of 1877, on which this action is based, deals directly with the lien declared by the law of 1867, and provides for its enforcement a remedy, of which this action is a part. Secs. 6832, 6834, 6836 and 6837, R. S. 1879. Therefore, the method or manner of the original extension cannot be material in determining this case.

*Henry H. Denison* for respondent.

(1) The entire proceedings connected with the original assessment extension on the tax books and issuance of the bill for the tax in controversy were and are utterly illegal, null and void. Laws of 1867, p. 162, sec. 8; *Ibid.* p. 163, sec. 10; *Brown v. Harris*, 52 Mo. 306; *Abbot v. Lindenbower*, 42 Mo. 162; *Hume v. Wainscott*, 46 Mo. 145; *Barrow v. Davis*, 46 Mo. 394; Hilliard on Taxation, p. 291, sec. 3; *Louisville, &c., R. R. v. Com.*, 1 Bush 250. (2) Under the pleading and evidence the appellant by its own showing was not entitled to recover. The suit is brought to recover a tax called in the petition the "Webster School Tax." The answer puts in issue the existence of any such tax and any such district, and says, "that there is no school district known as the Webster school district in said county of St. Louis." The truth of this allegation is admitted by the pleadings, and it is moreover a fact that there was not at the time such pretended tax is alleged to have been assessed, is not now, and never has been, in the county of St. Louis any such district as the "Webster school district."

EWING, C.—This was a suit to recover "back taxes"

under the law of 1877 (sec. 6832, R. S. 1879). The petition was in the usual form with copy of "back tax bill" duly certified by the collector (sec. 6837) and was for the taxes of 1869 and 1870.

The answer denies each and every allegation of the petition, and further answering says : "That there have not been regularly or duly assessed against defendant for or by reason of real estate owned by or belonging to him, school taxes in the Webster school district for the years 1869, 1870, in the county of St. Louis, amounting to the sum of one hundred and fifty dollars and thirty cents ; that there has not been any assessment for or on account of any school taxes in the Webster school district for the years 1869, 1870, or for any other year or time, or for any year or time, or for any amount whatever, made upon the property of the defendant. That there is not, and never was, any authority or law for any assessment for taxes upon the defendant's property in said Webster school district. That there is no school district known as Webster school district in said county of St. Louis. That the lands described in the petition do not lie in the Webster school district. That no tax bill has been duly made or delivered to the said John A. Watson, plaintiff, as collector or otherwise. That no tax bill for said taxes as alleged was ever issued to the said John A. Watson by any person having competent power or authority to issue the same. That the said John A. Watson has no right or legal authority to ask or demand of or from defendant any sum whatever for or on account of any taxes for said Webster school district. That the said defendant is not obliged or in duty bound to pay the said sum of one hundred and fifty dollars and thirty cents, or any other sum, to plaintiff. That the pretended tax bill, upon which this action is founded, was, and is, irregular upon its face, and was issued without authority and was wholly and utterly void, and gives to the said John A. Watson no right or authority to ask or demand of the defendant, or levy

upon any property of the defendant for the amount
specified in said pretended tax bill. That any and all
acts and doings of the said John A. Watson, or any
other person or persons, done under or by virtue of said
pretended tax bill, are, and were, illegal and without
warrant or authority of law. That the cause of action
mentioned in the plaintiff's petition did not accrue
within five years next preceding the filing of the peti-
tion herein."

Plaintiff then read in evidence the copy of the certi-
fied tax bill filed with the petition and the back tax
book authorized by law and which are made *prima facie*
evidence that the amount claimed is just and correct.
Sec. 6837, R. S. 1879.

Plaintiff rested, and the defendant then read in evi-
dence the original tax bills for the Webster school taxes
for 1869 and 1870, both bearing the seal of the county
auditor, which it was admitted were similar to those in
*Brown v. Harris*, 52 Mo. 306. Defendant then read the
depositions of one Coleman and Heath, the then clerk
and auditor. Coleman testified that as clerk he did not
extend the tax on the tax book for the Webster school
tax for 1869 and 1870 ; and Heath that he did so as audi-
tor. This being all the evidence the court found for the
plaintiff. There were no instructions preserved in the
bill of exceptions, and after judgment the defendant
appealed to the St. Louis court of appeals, where the
judgment of the circuit court was reversed, and the case
ordered to be dismissed. From which latter judgment
the plaintiff comes here.

I. It is insisted by the respondent that under the
tax law of 1867 it was the duty of the school board "to
determine the amount of the annual tax to be assessed ;
to certify to the clerk of the county court, * * * the
rate of tax levied * * * with the names of the tax-
payers," etc ; and the clerk's duty is "to extend the
taxes so levied * * * upon the tax book before

the same shall be delivered to the county collector."
Acts 1867, p. 162, secs. 8, 10. When the tax bills
were delivered to the collector he was authorized to seize
property to satisfy them. The respondent insists that
instead of certifying this matter to the clerk, as required
by law, the school board certified it to the county audi-
tor, who extended the tax and issued the tax bills to the
collector, whereas it was the duty of the clerk. That,
therefore, those tax bills were void, and this suit
could not be maintained.

The assessment of property on which this rate of
taxation was to be fixed by the school board is provided
for in section 8, Acts 1867, p. 162, which says: "The
same assessment on property which shall be made from
time to time for state and county purposes, shall be
deemed and used as the lawful and proper assessment in
levying and collecting taxes and assessments authorized
by this act; and such taxes and assessments shall be a
lien upon and against the property so taxed and assessed,
until the same shall be paid off and satisfied." So that
the assessing power under this section was the officer
that made assessments "for state and county purposes."
The board of directors had nothing to do with the assess-
ment. But the board "fixed the rate" or in other
words, "levied the tax" on the assessment already
made by the proper officer for the state and county. The
clerk had nothing to do with the assessment or valuation
of the property from which the taxes must be paid; nor
with the "levy" of the tax, or "fixing the rate" of
taxation. That was already done. It was his duty alone
"to extend the taxes, so levied under the provisions of
this act, upon the tax book." Sec. 8, *supra*.

It would seem then that the defendant's property
was lawfully assessed for 1869 and 1870, by the officer
whose legal duty it was to assess for state and county
purposes; that the tax was duly and legally levied, or
"the rate of tax levied" (which are clearly synonymous
terms as used in this statute) by the school board. So

that the amount of tax due by the defendant was fixed and ascertained. It was then necessary, however, that the clerk should "extend the taxes so levied" on the tax book, before it went into the hands of the collector. This was not done by the clerk, but was done by a clerk of the auditor who was paid therefor by the school board. But it was not the legal duty of the auditor to so extend it, and then, as before stated, the auditor issued the tax bills to the collector, whereas it was the duty of the clerk to have done so. Upon a tax bill precisely similar to this, and under the same law, Harris, a former collector, seized a package of bank bills, belonging to one Brown for the purpose of collecting tax due from Brown. Brown sued Harris in trespass, who justified the seizure on the ground that he was collector of the revenue and seized the notes to satisfy the tax bill in his hands for taxes assessed against Brown for school taxes. The Supreme Court of this state held that: "The auditor had clearly no jurisdiction over the subject matter, and his precept did not amount to a justification." *Brown v. Harris*, 52 Mo. 306.

But the case at bar is altogether different. This is not a seizure by authority of the auditor's tax bill. It is not even a suit thereon. But it is a proceeding under the law of 1867, *supra*, to enforce the statutory lien for the taxes of 1869 and 1870 against the defendant's property. If a legal lien exists; if the proceeding is a proper one under the statute, and the plaintiff made the proof necessary to satisfy the court that a tax is due and unpaid, it would seem that the plaintiff ought to recover. I quote again from section 8, Acts 1867, p. 162: "And such taxes and assessments shall be a lien upon and against the property so taxed and assessed, until the same shall be paid off and satisfied." This statute clearly fixes a lien for the taxes on all property (real estate) assessed. And although under different statutes, the same general doctrine of lien for taxes is passed upon and recognized in *Blossom v. Van Court*, 34 Mo. 394,

and in *McLaren v. Sheble*, 45 Mo. 130. Then again, this lien which attached upon the assessment of the taxes under the law of 1867, *supra*, is retained and preserved by sec. 6832, R. S. 1879, which provides that the "taxes due and unpaid on any real estate    *    *    * shall be deemed and held to be back taxes, and the lien heretofore created in favor of the state of Missouri is hereby retained." It is thus very evident that the law of 1867 provided for, and created a lien for the taxes and the law of 1877 preserved it. Then this suit is commenced to enforce this lien in favor of the state. Was the assessment of the property, and the levy of the tax thereon legal and valid under the law of 1867? We must answer this question in the affirmative. The extension of the tax by the clerk was not a part of the assessment of the property and a levy of the tax. But, before an officer could justify under such tax bill it must have been issued by the clerk as the law provides and as was very properly held in *Brown v. Harris, supra*. In that case the tax bill stood in lieu of an execution. It was the writ which gave the officer the legal right to sieze property. But not being issued by the officer who by law was required to issue that writ, it was no justification. It was like an execution from the circuit court upon a judgment, issued by some one other than the clerk, under which of course an officer could not justify a levy on and siezure of goods and chattels. But though it was no authority to an officer because not legally issued, will it be insisted that such void execution would destroy the judgment? The judgment would remain notwithstanding the void execution. The judgment being legal could not be rendered null by the issue of an execution thereon by some one not authorized by law to issue executions.

So, in the case at bar, the assessment and tax levy being valid, the lien is preserved, notwithstanding the illegal issue of the tax bill by the auditor, who had no authority to do so. Then section 6834 provides that the

clerk of the county court shall make a "back tax book" containing a list of all the delinquent lands, the years for which each lot or tract is delinquent, "and the amount of the original tax due each fund on said real estate." When this "back tax book" is so made by the clerk it is delivered to the collector. Section 6837, R. S. 1879, provides, that the collector shall collect taxes by suit, and he is required to file with the petition a "tax bill of said back taxes, duly authenticated by the certificate of the collector." It is upon this last named "tax bill" that this suit was commenced, and not on the original bill issued by the auditor. The only thing necessary to make the suit available is, that the original assessment and levy of the tax under the act of 1867, was legally made. And we hold that that assessment was made by the officer whose duty it was to make assessments for state and county purposes, and the only person who could do so by law, and that the levy of the tax, or the fixing the rate of taxation, on that assessment, was done by the school board, the only authority authorized by law to fix the rate.

No instructions are preserved in the bill of exceptions. The case was submitted to the court without a jury, and the facts, therefore, found by the court upon which it bases its judgment are incontrovertible here. This court can only review the law declared by the court below, and that court having been intrusted with both law and facts, we cannot review the evidence. *Hamilton v. Boggess*, 63 Mo. 233; *Gains v. Fender*, 82 Mo. 497. The judgment of the court of appeals is reversed and the cause is remanded with directions to that court to enter a judgment affirming the judgment of the circuit court. All concur, except Norton and Sherwood, JJ., absent.