SMITH v. ROYSE et al., Appellants.

Division One, December 17, 1901.

1. **Ejectment:** COURT SITTING AS JURY: FINDING OF FACTS. An eject-
ment is purely an action at law in which the appellate court is not
called upon to determine the weight of the evidence. The appellate
court has nothing to do with the finding of facts made by the trial
court sitting as a jury if there was evidence tending to prove the
facts found.

2. ————: DAMAGES CHARGED AND AWARDED: REMITTITUR. The amount
of damages awarded in ejectment can not exceed those claimed in the
petition. Where the trial court found the rents and profits were
two dollars per month, and the ouster was laid twenty months before
the institution of suit, the award of $125 damages is error, but this
will not work a reversal of an otherwise correct judgment if the
respondent will remit all the excess.

Appeal from Carroll Circuit Court.—*Hon. Jno. P. Butler,*
Judge.

AFFIRMED UPON CONDITION.

*James L. Minnis* and *Charles R. Pattison* for appellants;
*Jno. B. Hale* and *L. A. Holliday* of counsel.

(1) There was no evidence tending to prove that re-
spondent was an heir at law of William Downey, deceased;
hence the judgment should have been for appellants. (2) (a)
Respondent was not entitled to damages. If respondent was
the owner of the land at the time of her marriage in 1871, her
husband, by virtue of his marriage with her, was the owner of
the rents, issues and profits of the land and was entitled to the
possession thereof from the date of his marriage to respondent
in 1871, until the date of his death in October, 1896, during
which period respondent was not entitled to the possession or
the rents and profits of said land and could not have been dam-

aged by appellant's occupancy and use thereof. Kanaga v. Railroad, 76 Mo. 207; Wilson v. Garaghty, 70 Mo. 517; Dyer v. Wittler, 89 Mo. 81; Schouler's Law of Domestic Relation (2 Ed.), top page 142. (b) If respondent inherited the land from Wm. Downey, deceased, she owned the same at the time of her marriage with Smith, whose marital rights therein then and there became vested and the subsequent enactment of what is now known as sections 6864 and 6869, Revised Statutes 1889, did not in any way limit the then vested marital rights of the husband, Smith, which remained as at common law. Arnold v. Willis, 128 Mo. 145; Leete v. State Bank, 115 Mo. 185; Flesh v. Lindsay, 115 Mo. 1; Bledsoe v. Simms, 53 Mo. 305; Meyers v. Gale, 45 Mo. 416.

*Lozier & Morris* for respondent.

(1) An appellate court will not reverse a judgment for insufficiency of evidence, unless it can say that the evidence does not intend to establish the facts found by the jury. Moore v. Railroad, 73 Mo. 438. Inferential or prima facie evidence of material facts is sufficient to sustain a verdict where there is no direct evidence to the contrary. Matney v. Railroad, 30 Mo. App. 507. A verdict will be upheld, if the evidence of the plaintiff, or of both parties together, shows a state of facts from which the inference of the fact in issue is logically admissible. Green v. Cooperage Co., 50 Mo. App. 202. Whenever, from all facts and circumstances in evidence, a jury may, without violence to the dictates of reason and common sense, infer a fact on account of its known relation to the facts proved, the appellate court should not interpose its own different conclusion. Duggan v. Railroad, 46 Mo. App. 266. The appellate court, in determining whether or not the evidence is sufficient to support a verdict for plaintiff will, laying aside defendant's controverting evidence, assume that plaintiff's evidence is true, and will give it every favorable inference

which may be reasonably and fairly drawn from it. Cohn v. Kansas City, 108 Mo. 387. An appellate court will not reverse a judgment because the evidence leaves certain points in obscurity which it was peculiarly within the power of the appellant to have made plain. Peltz v. Eichele, 62 Mo. 171. Under the evidence, the court found that plaintiff was a sister and heir at law of William Downey. The evidence was sufficent to sustain the finding. 1 Thompson on Trials, sec. 1037. Frequently, issues are made by the pleadings which are not afterwards referred to. On such issues the evidence is frequently not as positive as it would have been had there been a contest in the trial court on that issue. Nichols v. Carter, 49 Mo. App. 405. The presumption is in favor of the legality of judgments, that they are well founded, that facts, without proof of which the judgment could not have been rendered, were proven at the trial, and if such doubts arise from the obscurity of the case stated, they are resolved in·favor of sustaining the judgment. Broom's Legal Maxims, p. 945; Riney v. Valandingham, 9 Mo. 823; Garth v. Caldwell, 72 Mo. 629. If a record is susceptible of two interpretations, that will be given it which will sustain the judgment of the inferior court. Ins. Co. v. Cahn, 9 Mo. 421. Courts will not sacrifice the ends of justice on the sharp edge of technicality. Noble v. Blount, 77 Mo. 239. Appellate courts are forbidden to reverse judgments because of error, unless it materially affects the merits of the action. R. S. 1899, sec. 865. (2) If the damages awarded respondent were excessive under the evidence, still this cause should not be reversed, as this court may, in affirming the case, modify the judgment, as to damages, and give such judgment as the trial court ought to have given, or as to this court seems agreeable to law. Sec. 866, R. S. 1899. The modification of a judgment may be as to an item of damages; the amount may be reduced or all damages be disallowed. Nolan v. Johns, 126 Mo. 168. Where the ends of justice do not require the case to be reversed and remanded,

appellate courts will modify the judgment of the trial court and give such judgment, as under the facts and law, should have been rendered in the trial court. Hunt v. Railroad, 89 Mo. 609; Hat Co. v. Hombs, 127 Mo. 402. In numerous instances this court has modified and affirmed judgments as seem to it agreeable to law and justice. Hunt v. Railroad, 89 Mo. 609; Westcott v. Bridewell, 40 Mo. 146; Miller v. Hardin, 64 Mo. 545; Mueller v. Kaessman, 84 Mo. 330; Land Co. v. Bretz, 125 Mo. 423. In an action of ejectment, if damages were improperly allowed by the trial court, this would not require a reversal of judgment, as the judgment could be modified as to such damages or a remittitur entered. Miller v. Hardin, 64 Mo. 545.

BRACE, P. J.—This is an action in ejectment instituted in the Carroll Circuit Court on October 2, 1897, in which the plaintiff sues to recover possession of the undivided one-fourth of the northeast quarter of the southeast quarter of section 2, township 52, range 25, in Carroll county, of the possession of which she alleges she was ousted by her co-tenant, the defendant Royse, on February 12, 1896. The answer was a general denial. The judgment was in favor of the plaintiff and for damages in the sum of $125, and for $2 per month the value of the monthly rents and profits, and the defendants appeal.

The case was tried before the court without a jury. The declarations of law made by the court at the close of the case are not excepted to or brought here, and no exception is taken to any action of the court on the trial. The only objections urged to the judgment on this appeal are that the evidence did not affirmatively show that the plaintiff was an heir at law of William Downey, who died seized of the land, and that the damages are excessive. All the evidence in the case is brought

here and we are asked to review it, and upon it, we are asked to find against the circuit court upon these two points and reverse the judgment.

This is purely an action at law, in which we are not called upon to determine the weight of the evidence. The finding of the trial court is final upon that question. [State ex rel. v. County Court, 51 Mo. 522; Hamilton v. Boggess, 63 Mo. 233; Gaines v. Fender, 82 Mo. 497; State ex rel. Watson v. Harper, 83 Mo. 670; Mays v. Pryce, 95 Mo. 603; Bartlett v. Kauder, 97 Mo. 356; Hahn v. Catton, 136 Mo. 216; Sutter v. Raeder, 149 Mo. 297; Zimmerman v. Railway Co., 156 Mo. 561.]

Having looked into the abstract of the evidence brought here, and found that there was some evidence tending to prove facts upon which the judgment of the circuit court might have been properly predicated, with that branch of the case we have nothing further to do; and confining ourselves to the record proper, the only error we find therein is in the amount of the damages awarded, which could not exceed the claim of the petition. And as the rents and profits were found to be only $2 per month, the ouster alleged to have been on February 12, 1896, and the suit instituted on October 2, 1897, the damages ought to have been assessed at $39.34 instead of at the sum of $125. As the plaintiff offers to remit any excess of the judgment in this respect, it is ordered that upon a remittitur of $85.66 of the judgment for damages, within thirty days, the same be affirmed, otherwise, the judgment will be reversed and cause remanded. All concur.