## COMER v. STATHAM et al., Appellants.

### Division One, March 18, 1903.

1. **Practice: OBJECTIONS: WHEN NOT REVIEWABLE.** Objections offered for the first time on appeal, to deeds introduced in evidence in ejectment, can not be considered by the appellate court.

2. **Ejectment: ADVERSE POSSESSION: FINDING OF FACTS.** Where there is evidence to support the finding of the court, sitting as a jury in ejectment, that defendant's plea of the statute of limitations is not sustained, this court will not interfere with that finding.

Appeal from Ray Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Ball & Bogie* for appellants.

*Lavelock & Kirkpatrick* for respondent.

(1)   The record neither shows specific objections nor exceptions to any ruling on the trial below; this is particularly essential as to record testimony; objections without exceptions are insufficient. The admission of evidence "subject to all legal objections," where the record fails to show any subsequent ruling thereon or exceptions thereto, presents no question

for the appellate court to review. Buckley v. Knapp, 68 Mo. 164; Margrave v. Ausmuss, 51 Mo. 568; State v. Dusenberry, 112 Mo. 283; Bray v. Kremp, 113 Mo. 554; Blankenship v. Dilley, 162 Mo. 341; Adler v. Lange, 21 Mo. App. 519; Clark v. Loan Co., 46 Mo. App. 251; Bates v. Sheik, 47 Mo. App. 646. (2) The conflict in the evidence, if any, was passed on by the trial judge who saw the witnesses and heard them testify; he was in a better position to weigh the evidence than the appellate court, and this being purely an action at law, the finding, which was supported by substantial testimony, will not be reviewed by this court. Huckshorn v. Hartwig, 81 Mo. 652; Bray v. Kremp, 113 Mo. 554; Moore v. Farmer, 156 Mo. 46; DeLassus v. Faherty, 164 Mo. 373; Smith v. Royse, 165 Mo. 658.

BRACE, P. J.—This is an action in ejectment to recover possession of the northwest quarter of the southeast quarter of section 36, township 54, range 26, in Ray county.

The petition is in common form. The answer admits possession, denies the other allegations of the petition, and pleads the statute of limitations; issue was joined by reply. The case was tried before the court without a jury. Finding and judgment for the plaintiff, and defendants appeal. Since the appeal Charles Statham has died, leaving the other defendant, Esther A. Statham, his wife, the sole appellant in the case.

The bill of exceptions opens with the following recital: "Plaintiff offers in evidence the following records of conveyances in the office of recorder of deeds, and probate office in Ray county, Missouri, showing chain of title to the northwest quarter of the southeast quarter of section thirty-six, in township fifty-four, of range twenty-six, in said Ray county, this being the land in controversy, which records are now admitted by the court subject to all legal objec-

tions, and by agreement the abstract of the conveyances only are set out except two which are given in full.'' Then follows an abstract of conveyances showing a complete unbroken chain of record title in the plaintiffs from the United States. Then some oral evidence upon the issue of adverse possession, and the rental value of the premises, and plaintiff rested. Thereupon defendants moved for judgment on the evidence, which motion was overruled and no exception taken to the ruling.

Some technical objections are now here urged against the two muniments of title set out in the abstract. But it does not appear that these, or any specific objections, were made by the defendants to this evidence on the trial; that any ruling was made by the court thereupon; or that any exception was taken to any ruling of the court upon this or any other evidence. Hence, these objections can not be considered on appeal. The rule on this subject is so uniform, well settled, and has been so often stated, that it is only necessary to cite some of the cases. [Adair v. Mette, 156 Mo. 496, and cases cited on p. 507; Allen v. Mansfield, 82 Mo. 688; Wayne Co. v. Railroad, 66 Mo. 77; Buckley v. Knapp, 48 Mo. 152; Woodburn v. Cogdal, 39 Mo. 222; Railroad v. Moore, 37 Mo. 338; Grimm v. Gamache, 25 Mo. 41; McCartney v. Shepard, 21 Mo. 33.]

No declarations of law were asked or given. The finding and judgment must have been for the plaintiff on his legal paper title shown by evidence unobjected to; unless the defendants' plea of adverse possession was sustained. The finding of the court on the questions of fact raised by that plea was in favor of the plaintiff.

There was abundant evidence to support that finding, and by it this court is concluded under another rule as uniform, well settled, and as often stated as the former one, and as before, it is only necessary to cite a few of the many cases by which it is established.

[Smith v. Royse, 165 Mo. 654, and cases cited on p. 658; DeLassus v. Faherty, 164 Mo. 361; Moore v. Farmer, 156 Mo. 552, and cases cited.] Finding no reversible error in the record, the judgment of the circuit court will be affirmed.

All concur.