THE STATE ex rel. BROWN, Collector of Lincoln County, Appellant, v. A. C. WILSON et al., Appellants.

Division One, January 14, 1909.

1. TAXES: Return of Delinquency: Limitations. It is not a prerequisite step to the bringing of a suit for back taxes (or delinquent benefit assessments levied by a drainage district), that the taxes be returned and certified as delinquent. If the levy was properly made and the taxes have not been paid, the suit can be maintained at any time within five years after the date upon which the taxes should have been returned delinquent, whether actually returned delinquent or not.

2. ———: ———: **Prima-Facie Case.** If the suit is brought after the date upon which the taxes should have been returned delinquent, the only effect a failure to so return them has upon the suit is to destroy the taxbill as prima-facie evidence that the taxes are past due and payable. It does not impair the lien or the right of the State to collect the taxes by suit.

Appeal from Pike Circuit Court.— *Hon. D. H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*O. H. Avery, W. A. Dudley* and *J. D. Hostetter* for plaintiff-appellant.

*Peter T. Barrett* and *Geo. W. Emerson* for defendants-appellants.

WOODSON, J.—This is one of the cases referred to and tried with the case of this plaintiff v. A. C. Wilson, *ante,* page 215.

The petition in this case is the same in all respects as the one filed in that case, except additional parties are made defendants and different lands are sought to be charged with taxes levied against it by the same assessments involved in that case. The answer was substantially the same as is the answer in that case, and the evidence in this did not materially differ from what it is in that case. The only question in this case not decided in that one regards the taxes assessed against Lot 8, Survey 1653, Township 49, Range 2 E., Lincoln county.

The amount of the assessment was $650, divided into four installments. The amount sought to be recovered in the first four counts was $162.50 each; and that in the fifth count $68.40. The court found for plaintiff on the first four counts, but on the fifth count the court found that the taxes were only due on 101.41 acres, the east side of said Lot 8, and found for the defendant as to the balance of the lot, the same being sixty acres.

The court found that the levy had been properly made, and that the taxes have not been paid. While the record fails to show that the taxes on that sixty acres had not been returned and certified as delinquent, yet that was not a prerequisite step which should have been taken before suit could have been properly instituted. The suit may be instituted any time within five years after the date upon which the taxes should have been returned delinquent, whether actually returned delinquent or not. If that date is passed and suit is brought without the return of delinquency having been made, the only effect that failure of duty has upon the suit is to destroy the tax-bill of its prima-facie effect as evidence that the taxes are past due and payable, but in no manner impairs the lien or the right of the State to collect the taxes by suit. [State ex rel. v. Hurt, 113 Mo. l. c. 96; State ex rel. v. Bank, 144 Mo. l. c. 384; Thomas v. Chapin, 116 Mo. l. c. 399; State ex rel. v. Bank, 120 Mo. 161; State ex rel. v. Harper, 83 Mo. 670.]

The record in this case, notwithstanding the absence of that certificate of delinquency, abundantly shows that the taxes were duly levied, that the return day of delinquency had passed, and that they have not been paid. Those facts are not disputed and authorized a recovery by plaintiff.

The trial court erred in not so holding; and the judgment is reversed and the cause remanded, with directions to enter judgment for plaintiff on all the counts for the amounts sued for, together with interest, attorney fees and costs, as is provided by statute.

All concur.