M. D. BROWN, Appellant, v. LUKE M. EMERSON, Respondent.

St. Louis Court of Appeals, February 21, 1911.

1. APPELLATE PRACTICE: Conclusiveness of Verdict: Trial Practice: Function of Jury. The credibility of witnesses and the weight and value to be given to their testimony is for the jury exclusively, and where there is substantial evidence in support of the verdict, it will be affirmed, in the absence of error of law.

2. INSTRUCTIONS: Modification: Not Supported by Evidence. An instruction should not be modified so as to submit to the jury a question which is not supported by the evidence.

3. SALES: Action for Price of Animal: Instruction: Refusal. In an action to recover the price of a jack, the refusal to instruct that if plaintiff sold and delivered the jack to defendant for an agreed sum and defendant was to pay the freight to his place of business and deduct it from the price, plaintiff was entitled to a verdict for the price, less the freight, with interest from demand, if demand was made, was error, since the instruction, besides hypothesizing plaintiff's theory of the case, required a finding of all the facts essential to his right of recovery.

4. ————: ————: ————: Modification: Not Warranted by Issues or Evidence. The refusal of the court to give the instruction above set forth in the form asked and the modification of it, so as to deny a recovery for plaintiff if the jury found that the jack was wholly without value at the time

of its alleged sale or that plaintiff had made misrepresenta-
tions with respect to its qualities, was erroneous, as not war-
ranted by the evidence, and is inapplicable to the issues, since
the only issue was whether or not defendant had purchased the
jack from plaintiff.

5. ————: Inconsistent Defenses: Denial of Sale: Misrepresenta-
tion: Pleading.  While several defenses may be put forward to
the same cause of action, they are required to be consistent,
and one may not traverse the allegations of a pleading and at
the same time avoid the action on some other ground; and
hence the defendant, in an action for the price of a jack, alleged
to have been purchased by him, may not deny the purchase and
at the same time admit that he purchased but attempt an
avoidance on the ground of a breach of warranty or a misrep-
resentation respecting it, for the reason the defenses are in-
consistent.

6. APPELLATE PRACTICE: Reviewing Instructions: Sufficiency
of Exception: Objection Not Necessary.  Where inconsistent
instructions are excepted to at the time they are given, the
mere exception is sufficient to authorize their review, though
the words "objected to" do not appear with reference to them.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,*
Judge.

REVERSED AND REMANDED.

*N. T. Gentry, Joe H. Cupp* and *Tapley & Fitz-
gerald* for appellant.

(1)  The defense tries to make two defenses each
inconsistent with the other.  One that defendant took
the jack to sell on commission and the other that he
bought the jack from plaintiff and the jack was not as
represented.  Defenses must be consistent and each con-
stitute a complete defense and the proof of one must
not disprove the other.  Nelson v. Broadhack, 44 Mo.
596; Mumford v. Kent, 154 Mo. 36; Darrett v. Donnelly,
38 Mo. 492; Adams' Admr. v. Trigg, 37 Mo. 141; Price
v. Mining Co., 83 Mo. App. 474; Cable v. McDaniel, 33
Mo. 363.  (2)  The defendant cannot confess and avoid
in the same cause of action.  Having denied the sale
he cannot avoid the payment by pleading and proving

fraud. Cable v. McDaniel, 33 Mo. 363; Darrett v. Don-
nelly, 38 Mo. 492; McCord v. Railroad, 21 Mo. App. 92;
Alterberry v. Powell, 29 Mo. 429.

*John W. Matson* for respondent.

NORTONI, J.—This is a suit for the purchase price
of a jack. The finding and judgment were for defendant
and plaintiff prosecutes the appeal.

Defendant is a breeder and trader in jacks on his
farm in Pike county. Plaintiff owned a jack in the
State of Arkansas which he desired to dispose of, and
sought out defendant for the purpose. Plaintiff's evi-
dence tends to prove that he described the jack to de-
fendant as of about fourteen hands high, high-headed,
quick and a good performer but aged, and on this de-
scription alone defendant agreed to pay him $250 for
the animal f. o. b. cars Bowling Green, Missouri. Ac-
cording to plaintiff, it was agreed defendant should
pay the freight on the jack, deduct the same from the
purchase price and pay the balance to him. Plaintiff
caused the jack to be shipped from Arkansas to defend-
ant, whereupon defendant paid the freight, $33.30, and
took the jack to his farm but refused to pay therefor,
because, as asserted, he had not purchased the animal at
all. There is no controversy about the fact the plaintiff
shipped the jack to defendant and that defendant paid
the freight and took it to his farm, but defendant insists
that, instead of purchasing the jack from plaintiff, he
only agreed to take it to re-sell on commission, unless
he concluded to buy it after inspection.

Defendant concedes plaintiff spoke of the jack as
an aged animal in their conversation, which was relied
upon by plaintiff as the contract of purchase, but insists
that he at no time agreed to buy it unless he chose to do
so after inspection. Defendant's testimony tends to
prove that he agreed to take the jack upon its being
shipped to him, pay the freight thereon and endeavor to

sell it thereafter for a commission, which commission was to be any amount he might receive over and above $250, the amount plaintiff hoped to realize, less the freight thereon. Defendant says, too, that he agreed with plaintiff, if upon inspecting the jack on its arrival he concluded it was worth the money, to purchase it but did not agree to do so until after inspecting the animal and determining its qualities and value for himself. Defendant's testimony is, that the animal did not suit him and therefore he retained it to sell on commission. After the jack had been in defendant's possession for a few months, it died, but the evidence is quite conclusive that the death did not occur from any fault on his part, as it received proper care and attention. There is testimony, too, from defendant that the jack in material respects differed from the representations made by plaintiff as to his character and qualities.

We believe the evidence as to what the agreement was greatly preponderates in favor of plaintiff's theory of the case, but this question is not open to review here as the matter of the credibility of the witnesses and the weight and value to be given to their testimony is exclusively for the jury. There can be no doubt that there is substantial evidence in the record in support of the theory advanced by defendant and in such circumstances it is our duty to affirm the judgment unless there appears some error of law in the case open to review on appeal. [Baum v. Fryrear, 85 Mo. 151; Smith v. Royse, 165 Mo. 654, 65 S. W. 994.]

Plaintiff requested the court to instruct for him as follows:

"The court instructs the jury that if they believe from the evidence in the cause, that the plaintiff sold and delivered to the defendant the jack mentioned in the evidence for the sum of $250 and it was agreed between the plaintiff and the defendant that the plaintiff was to pay the freight on the jack from Big Bay, Arkansas to Bowling Green, Missouri, and that said freight

was to be deducted from the $250 then your verdict will be for the plaintiff for the sum of $250 less the freight on said jack from Big Bay, Arkansas to Bowling Green, Missouri, and for six per cent interest on the amount you find for the plaintiff from the date of demand, if you believe that demand was made by plaintiff."

This instruction the court refused and plaintiff preserved his exception to that ruling. We believe the argument the court erred in refusing this instruction to be sound, for, besides hypothesizing plaintiff's theory of the case, it requires a finding of all the facts essential to his right of recovery. The court modified this request and gave an instruction at its own instance which incorporated that above copied and authorized a verdict for plaintiff unless the jury found that the jack was wholly without value at the time of its alleged sale to defendant and further that plaintiff had made no misrepresentations with respect to its character, qualities, etc. In so far as the modification submitted to the jury the question of the jack being wholly without value as precedent to the right of recovery, it should have been omitted entirely, for there is no evidence in the case to support it. Indeed, the proof is conclusive that the jack was an animal of considerable value at the time of the alleged sale and at the time of his delivery to defendant at Bowling Green though he may not have been worth $250. The modification by the court requiring the jury to find plaintiff had not misrepresented the character and qualities of the jack to defendant as a condition precedent to his right of recovery is wholly beside the case, in view of the fact that defendant denies he purchased the animal and insists he agreed to no more than to purchase him if, on inspection, he suited; or, if not, to take him for sale on commission. The court should have given the instruction above copied without the modifications referred to, for the only issue was whether defendant did or did not purchase the jack.

It may be said the cause originated before a justice of the peace and there was no formal answer interposed, but the instructions on the part of defendant submit inconsistent defenses, in that they present the matter to the jury and authorize a finding for defendant on both the theory that defendant did not purchase the jack at all and further on the theory that he did purchase the jack and is relieved from liability therefor because of a breach of warranty with respect to its character, qualities, etc. No one can doubt that several defenses may be put forward to the same cause of action, but they are required to be consistent. One is not permitted to both traverse the allegation *in toto* and at the same time confess and avoid the action on some other ground, for such positions are so highly inconsistent as to lead to confusion and turmoil at the trial. A party is not permitted to avail himself of the denial of a purchase *in toto* and at the same time admit that he purchased the property and attempt an avoidance of responsibility therefor on the grounds of a breach of warranty or a misrepresentation with respect to the article sold. [State to use, etc., v. Matson, 38 Mo. 489; Coble v. McDaniel, 33 Mo. 363; Adams, etc., v. Trigg, 37 Mo. 141.] But defendant argues that, though the instructions given for him submitted such inconsistent defenses, the error therein is not available to plaintiff here, for the reason the bill of exceptions discloses no objection whatever made thereto and a mere exception is insufficient to authorize their review. The ruling of the Supreme Court in Sheets v. Ins. Co., 226 Mo. 613, 126 S. W. 413, was in point and conclusive to this effect, and we followed it in a few cases under the constitutional mandate which requires the courts of appeal to be controlled by the last previous decision of the Supreme Court on any question of law or equity. But that rule no longer obtains as the Sheets case in so far as it determined this matter is now expressly overruled by the same court in Harding v. Mo. Pac. R. Co., — Mo. —, —

S. W. —— (decided February 9, 1911 but not yet reported). The instructions given for defendant appear to have been excepted to at the time and they are therefore open to review though the words "objected to" as well do not appear as to them.

For the reason stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.